**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TUNSKAI PROPERTIES, LLC** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 20-cv-04004** |
| | : | |
| **CITY OF PHILADELPHIA, et.al.** | : | |
| **Defendants.** | : | |
| | : | |

<u>**ORDER**</u>

And now, this _____ day of _____, 2020, upon consideration of

Defendant, City of Philadelphia's, Motion to Dismiss Class Action Complaint and Memorandum

of Law in Support, it is hereby ordered that Defendant's Motion is GRANTED.  The entirety of

Plaintiff's complaint is DISMISSED WITH PREJUDICE.

BY THE COURT:

_____
The Honorable Michael M. Baylson

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TUNSKAI PROPERTIES, LLC** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 20-cv-04004** |
| | : | |
| **CITY OF PHILADELPHIA, et.al.** | : | |
| **Defendants.** | : | |
| | : | |

## <u>MOTION TO DISMISS THE CLASS ACTION COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM</u>

Defendant, City of Philadelphia, by and through the undersigned counsel files this Motion to Dismiss the Class Action Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant respectfully requests this Court dismiss the complaint in its entirety with prejudice.

Pursuant to Local Rule 7.1(c), in support of this motion, Defendant incorporates the attached Memorandum of Law as though fully set forth here.

Date:  September 23, 2020                           Respectfully submitted,


*Brendan J. Philbin*
_____

Brendan J. Philbin Esq.
Divisional Deputy City Solicitor
Pa. Attorney ID No. 307276
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-5110
brendan.philbin@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **TUNSKAI PROPERTIES, LLC** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 20-cv-04004** |
| | : | |
| **CITY OF PHILADELPHIA, et.al.** | : | |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, CITY OF
PHILADELPHIA'S, MOTION TO DISMISS THE CLASS ACTION COMPLAINT FOR
LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM**

Defendant, City of Philadelphia, by and through its undersigned counsel, files this Memorandum

of Law in Support of the Motion to Dismiss Plaintiff Tunskai Properties, LLC's Class Action

Complaint for Lack of Subject-Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for

Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6).

# TABLE OF CONTENTS

I. INTRODUCTION ....................................................................................................6

II. FACTS AND PROCEDURAL HISTORY ...............................................................8

    A. The City of Philadelphia's Department of Licenses and Inspections............................8

    B. Twenty-Four Code Violations at the Tunskai Property…..........................................9

    C. The City's Civil Enforcement Action in State Court ....................................................11

    D. The Judgment and Ongoing Efforts to Enforce It..........................................................12

III. ALL COUNTS OF THE COMPLAINT SHOULF BE DISMISSED PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE  12(b)(1).........................................................14

    A. Standard of Review ……………………………………….........................................14

    B. The *Younger* Abstention Doctrine..............................................................................15

    C. The *Rooker Feldman* Doctrine ………………………………………………………21

IV. ALL COUNTS OF THE COMPLAINT SHOULF BE DISMISSED
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE  12(b)(6)……………………25

    A. Standard of Review ……………………….......................................................25

    B. *Res Judicata*………………………………………….............................................26

V. CONCLUSION …………………….........................................................................28

## TABLE OF AUTHORITIES

Page(s)

Cases

*Allen v. McCurry*,
  449 U.S. 90 (1980) .......................................................................................... 27, 28

*Animal Science Prods., Inc. v. China Nat. Metals & Minerals Import & Export Corp.*,
  596 F. Supp. 2d 842 (D.N.J. 2008) ........................................................................ 15

*Balent v. City of Wilkes-Barre*,
  669 A.2d 309 (1995) ........................................................................................ 27, 28

*Baraka v. McGreevey*,
  481 F.3d 187 (3d Cir. 2007).................................................................................... 26

*Bearoff v. Bearoff Bros., Inc.*,
  327 A.2d 72 (Pa. 1974) .......................................................................................... 27

*Bell Atlantic Corp. v.* Twombly,
  550 U.S. 544 (2007) ........................................................................................ 15, 26

*Bryant v. Sylvester*,
  57 F.3d 308 (3d Cir. 1995)...................................................................................... 16

*Carroll v. City of Mount Clemens*,
  139 F.3d 1072 (6th Cir.1998)................................................................................... 19

*Cassell v. Cty. of Montgomery, Pennsylvania*,
  2017 WL 2672653 (E.D. Pa. June 20, 2017) ..................................................... 22, 25

*Chez Sez III Corp. v. Township of Union*,
  945 F.2d 628 (3d Cir.1991)..................................................................................... 19

*City of Philadelphia v. DY Properties, LLC*,
  223 A.3d 717 (Pa. Commw. Ct. 2019).................................................................... 25

*CNA v. United States*,
  535 F.3d 132 (3d Cir. 2008).................................................................................... 15

*Davis v. Wells Fargo*,
  824 F.3d 333 (3d Cir. 2016) ................................................................................... 14

*DeRaffele v. City of Williamsport*,
  2019 WL 3779708 (Pa. Commw. Ct. Aug. 12, 2019)............................................. 27

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
  544 U.S. 280, (2005)............................................................................................... 22

*Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*,
  410 F.3d 17 (1st Cir. 2005)..................................................................................... 23

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*,
  615 F.3d 159 (3d Cir. 2010)........................................................................ 22, 24, 26

*Herrera v. City of Palmdale*,
  918 F.3d 1037 (9th Cir. 2019).......................................................................... 17, 19

*In re Corestates Trust Fee Litig.*,
  837 F. Supp. 104 (E.D. Pa. 1993) .......................................................................... 15

*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*,
  678 F.3d 235 (3d Cir. 2012)............................................................................. 14, 15

*John G. v. Northeastern Educ. Intermediate Unit 19*,
  490 F. Supp. 2d 565 (M.D. Pa. 2007) ..................................................................... 15

*Kremer v. Chem. Const. Corp.*,
   456 U.S. 461 (1982) .......................................................................................... 26

*L.P. Grp. 2, Inc. v. City of Philadelphia*,
   2015 WL 3822203 (E.D. Pa. June 19, 2015) .................................................. 18

*Lui v. Comm'n.*,
   369 F.3d 319 (3d Cir. 2004) .......................................................................... 21

*Malhan v. Sec'y United States Dep't of State*,
   938 F.3d 453 (3d Cir. 2019)................................................................. 16, 18, 23

*McArdle v. Tronetti*,
   627 A.2d 1219 (Pa. Super. Ct. 1993) ......................................................... 27, 28

*McCurdy v. Esmonde*,
   2003 WL 223412 (E.D. Pa. Jan. 30, 2003) .................................................... 15

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n.*,
   457 U.S. 423 (1982) ...................................................................................Passim

*Morrow v. Balaski*,
   719 F.3d 160 (3d Cir. 2013) .......................................................................... 26

*Mortensen v. First Fed. Sav. & Loan Ass'n*,
   549 F.2d 884 (3d Cir. 1977) .......................................................................... 15

*Nellom v. Del. Cnty. Domestic Relations Section*,
   145 F. Supp. 3d 470 (E.D. Pa. 2015) ............................................................. 15

*Nev. First Fed., LLC v. Macciocca*,
   2015 WL 4461828 (E.D. Pa. July 21, 2015) ................................................. 15

*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*,
   491 U.S. 350 (1989) ...................................................................................... 19

*O'Neill v. City of Philadelphia*,
   32 F.3d 785 (3d Cir.1994).......................................................................... 18, 20

*Pennzoil Co. v. Texaco, Inc.*,
   481 U.S. 1 (1987) .......................................................................................... 19

*R & J Holding Co. v. Redevelopment Auth. of Cty. of Montgomery*,
   670 F.3d 420 (3d Cir. 2011) .......................................................................... 26

*Reisinger v. Cty. of Luzerne*,
   439 F. App'x 190 (3d Cir. 2011) ................................................................... 24

*Reisinger v. Luzerne Cty.*,
   712 F. Supp. 2d 332 (M.D. Pa. 2010) ........................................................... 24

*Renne v. Geary*,
   501 U.S. 312 (1991) ...................................................................................... 14

*San Remo Hotel v. City & Cnty. of S.F.*,
   545 U.S. 323 (2005) ...................................................................................... 26

*Shaffer v. Smith*,
   673 A.2d 872 (Pa. 1996) ............................................................................... 27

*Silverberg v. City of Philadelphia*,
   2020 WL 108619 (E.D. Pa. Jan. 8, 2020) ................................................. 15, 24

*Singleton v. Jas Auto. LLC*,
   378 F. Supp. 3d 334 (E.D. Pa. 2019) ....................................................... 14, 15

*Sprint Commc'ns, Inc. v. Jacobs*,
   571 U.S. 69 (2015) ..................................................................................... 16, 17

*Turner v. Crawford Square Apartments III, L.P.*,
  449 F.3d 542 (3d Cir. 2006) ............................................................. 27, 28
*Younger v. Harris*,
  , 401 U.S. 37 (1971) (1971) ................................................................ 15

Statutes

28 U.S.C. § 1738 ....................................................................................... 26

Rules

Fed. R. Civ. P. 12(b)(1) and 12(b)(6) ...................................................... 29
Federal Rule of Civil Procedure 12(b)(1) ................................... 8, 14, 15, 16
Federal Rule of Civil Procedure 12(b)(6) ................................... 8, 25, 26, 29
Pennsylvania Rule of Civil Procedure 903 ............................................... 23
Pennsylvania Rule of Civil Procedure 3121 ................................. 14, 18, 21
Rule 12 .................................................................................................... 15
Rule 12(b)(1) and Rule 12(b)(6) .............................................................. 15

## TABLE OF EXHIBITS

EXHIBIT 1: City of Phila. Compl, *City of Philadelphia v. Tunskai Properties* (*Tunskai I* Compl.), No. 190801541 (Com. Pl. Phila.)

EXHIBIT 2: Docket, *City of Philadelphia v. Tunskai Properties*, No. 190801541 (Com. Pl. Phila.)

EXHIBIT 3: October 8, 2019 Final Order to Vacate Subject Premises & Comply Violations; *City of Philadelphia v. Tunskai Properties*, No. 190801541 (Com. Pl. Phila.)

EXHIBIT 4: Def. Notice of Appeal to Commonwealth Court, *City of Philadelphia v. Tunskai Properties*, No. 190801541 (Com. Pl. Phila.)

EXHIBIT 5: Request for Transcript and certificate of service, *City of Philadelphia v. Tunskai Properties LLC,* No. 749 C.D. 2020 (Pa. Commw. Ct.)*,*

EXHIBIT 6: Docket, *City of Philadelphia v. Tunskai Properties LLC,* No. 749 C.D. 2020 (Pa. Commw. Ct.)

EXHIBIT 7: Notice of Docketing Statement, *City of Philadelphia v. Tunskai Properties LLC,* No. 749 C.D. 2020 (Pa. Commw. Ct.)*,*

## I.     INTRODUCTION

In this case, Tunskai Properties LLC ("Plaintiff" or "Tunskai") combines baseless allegations of systemic corruption and incompetence in the City of Philadelphia government with macabre references to a wholly unrelated 2013 fatal building collapse for the simple goal of avoiding a state court judgment against it.

Plaintiff is a Florida limited liability company and the owner of 6200 Germantown Avenue, a mixed-use commercial and residential property located in northwest Philadelphia ("Tunskai Property"). Starting in December 2017, the City of Philadelphia's Department of Licenses and Inspections uncovered multiple dangerous violations of the Philadelphia Building Construction and Occupancy Code at the Tunskai Property.  These violations included unpermitted and unsafe electrical wiring, unpermitted installation of a new 800 amp electrical service, an improperly wired fire alarm, a lack of fire-rated entry doors, and deficient plumbing in the first floor pizza restaurant.  Even though these conditions posed significant dangers to life and public safety, the Tunskai Property remained occupied with both commercial and residential tenants.  Despite being served with notices of these Philadelphia Code violations, Plaintiff took no action to correct the violations and no action to challenge the violations through the administrative appeal process.

On August 14, 2019, as a result of Plaintiff's refusal to address the Code violations at the Tunskai Property and the continued danger posed to public safety, the City of Philadelphia filed a civil enforcement action in the Philadelphia Court of Common Pleas asking the state court to order Plaintiff to correct the code violations and pay statutory fines pursuant to the Philadelphia Code.  Despite being served with the state court complaint on September 11, 2019, Plaintiff failed to file any responsive pleading and failed to appear at the October 8, 2019 hearing in that

state court proceeding.  At the October 8 state court hearing, the Court of Common Pleas ordered

the Tunskai Property vacated, ordered Plaintiff to correct the violations of the Philadelphia Code,

and ordered Plaintiff to pay a cumulative statutory fine of $2,045,000, representing a $300 fine

for each day each code violation existed pursuant to the daily fine provisions of the Philadelphia

Code.

Plaintiff failed to appeal that October 8, 2019 order and failed to remit the statutory fine

imposed.  As a result, on November 12, 2019, the Philadelphia Court of Common Pleas entered

judgment against Plaintiff for the statutory fine.  Plaintiff likewise failed to file a timely appeal

of that judgment.  On or about November 29, 2019, the City of Philadelphia began efforts to

collect that state court judgment.  Over the past 10 months, Plaintiff rejected several offers from

the City of Philadelphia to settle this state court judgment and instead responded with a threat to

sue the City of Philadelphia in federal court.  With the parties at a settlement impasse, Plaintiff

made good on his threat and filed this lawsuit on August 17, 2020.

Plaintiff's complaint – replete with irrelevant and inflammatory averments – at its core

represents a collateral attack on a valid and final state court judgment.  Even conjuring up

irrelevant events and tragedies that occurred up to 60 years ago cannot hide Plaintiff's objective

purpose: to have this court violate the principles of comity by interfering with parallel state court

proceedings.  However, this Court lacks subject matter jurisdiction over such cases through both

the *Younger* abstention doctrine and *Rooker-Feldman* doctrine and should therefore dismiss this

matter in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1).  Additionally, having

failed to raise these claims when provided the change in state court, Plaintiff cannot now

overcome the principles of *res judicata*. Thus, the complaint also fails to state a claim on which

relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.      FACTS AND PROCEDURAL HISTORY

### A.  THE CITY OF PHILADELPHIA'S DEPARTMENT OF LICENSES AND INSPECTIONS

The dispute between Plaintiff and the City of Philadelphia ("City") began in December 2017 when the City, through its Department and Licenses and Inspections ("Department"), inspected a property owned by Plaintiff located at 6200 Germantown Avenue in northwest Philadelphia ("Tunskai Property").  The Department's duty includes inspecting properties in the City to determine compliance with the Philadelphia Code ("Code"), including Title 4, The Philadelphia Building Construction and Occupancy Code, and Title 9, Regulation of Businesses, Trades, and Professions.  Phila. Code §A-401.2 and Phila. Code §9-101.  When the Department observes Code violations at a property, it issues a notice of violation ("NOV") to the property owner or responsible party. Phila. Code §A-502.1. The NOV contains, *inter alia*, identification of the subject premises, a description of the Code violations, and an order to correct the violations by a set deadline.  Phila. Code §A-502.2.  The NOV provides clear notice that failure to correct the violations may result in the filing of a legal action to obtain compliance and impose statutory fines.  The NOV also sets forth the recipient's right to contest the violation by administratively appealing to the Board of License and Inspection Review. *See* Phila. Code §A-801 *et. seq*.  If a violation remains uncorrected after the deadline set by the NOV and no appeal is pending, the City may initiate a civil enforcement action in state court seeking an injunction ordering the owner to correct the violations and seeking imposition of statutory fines by that state court.  *See* Phila. Code §A-503.1 *et. seq.*

The Code prescribes a fine of $300.00 for each violation of the Philadelphia Code.[1] Phila. Code §§A-601.1 and 1-109(1).  Fines under these sections are daily fines, in that "[e]ach day the violation continues is a separate offense." Phila. Code §1-109(1); *see also* Phila. Code §A-601.4 ("Each day that a violation continues after issuance of a notice or order shall be deemed a separate offense.").  In filing civil enforcement actions for Code violation cases in state court, the City pleads the total statutory fine amount due at the time of filing.  During the course of these lawsuits, one or more hearings are held wherein the presiding state court judge receives evidence from both the City and defendant(s).  At the conclusion of these hearings, the state court judge, if appropriate, orders the defendant to correct the violation and orders the defendant to pay statutory fines in an amount deemed appropriate by the judge.  After the order is issued, Defendants retain all rights to appeal or post-trial relief available under the Pennsylvania Rules of Civil Procedure.  If a defendant fails to remit the ordered fine, the City files judgment to collect that fine.

## B. TWENTY-FOUR CODE VIOLATIONS AT THE TUNSKAI PROPERTY

The Tunskai Property is a 3-story mixed use property located in northwest Philadelphia. The first floor is used as a pizza parlor and the second and third floors contain multiple residential apartment units.  On December 19, 2017, the Department inspected the Tunskai Property and determined that the property was an occupied residential rental property without a valid rental license in violation of Phila. Code §9-3902.  An NOV for this rental license violation was issued to Plaintiff under Department case number 616266 .  *See* City of Phila. Compl. Exh.

---

[1] During the continuing Code violations at the Tunskai Property, the language regarding fine amount in Phila. Code §A-601.1 was amended on June 6, 2018.  *See Cty. Of Phila. Bill No. 180175*, "Amending Subcode "A" (The Philadelphia Administrative Code) of Title 4 of Philadelphia Code (The Building, Construction and Occupancy Code)."  Prior to June 6, 2018, Phila. Code §A-601.1 prescribed that Code violations "shall be subject to a fine of <u>not less than $150.00 and not more than</u> $300.00 for each offense." *Id.* (emphasis added).

A, *City of Philadelphia v. Tunskai Properties* (*Tunskai I* Compl.), No. 190801541 (Com. Pl. Phila.), attached as **Exhibit 1**.  Plaintiff never administratively appealed this violation and failed to timely obtain a rental license.

On June 27, 2018 the Department once again inspected the Tunskai Property and found an additional Code violation – that the fire escape stairs were blocked with a dumpster in violation of Phila. Fire Code §F-1003.3.  An NOV for this Code violation was issued to Plaintiff under Department case number 641574.  *Id.* at Exh. C.  Plaintiff never administratively appealed this violation and failed to timely correct the Code violation.

On November 29, 2018, the Department inspected the Tunskai Property and found 11 new Code violations related to electrical, building, and plumbing work all underway without the required permits, inspections, or certifications.[2]  Notably, these violations included cutting openings in a party wall without a permit (Phila. Code §A-301.1.1(3)), using prohibited materials to install plumbing without a permit in the first floor pizza restaurant (Phila. Code §A-301.1.4), and, multiple violations for unpermitted electrical work including two meter sockets jumped with metal bars and incorrect wiring of a fire alarm (Phila. Code §A-104.1).  An NOV for the 11 Code violations was issued to Plaintiff under Department case number 665422.  *Id.* at Exh. E.  Plaintiff never appealed this violation and failed to timely correct the violation.

Despite these numerous Code violations, the unpermitted electrical work continued unabated at the Tunskai Property.  On December 12, 2018, the Department once again inspected

---

[2] Under the Code, permits must be obtained from the City to lawfully undertake a broad range of construction projects including structural alterations, electrical work, and plumbing repairs or installation. Phila. Code §A-301.1 *et. seq.*  The permit requirements set forth in the Code, and by municipalities throughout the United States, are not merely ministerial functions.  The permit requirement confirms that construction work is completed in compliance with the Code and therefore poses no threat to public safety.  To obtain a permit, one must submit detailed applications to show that the proposed work meets the requirements of the Code and any appliable technical codes. *See e.g.* Phila. Code §A-301.5 *et. seq.*  As work progresses under the permits, the Department conducts multiple inspections to ensure completed work is safe and code compliant at each critical point in the project.  *See e.g.* Phila. Code §A-402 *et. seq.*

the Tunskai Property and found 11 additional new Code violations for significant electrical installations without the required permits or inspections.  This included the installation of an 800 amp electrical service without permits (Phila. Code §A-301.1.3), insufficiently sized grounding equipment installed without permits (Phila. Code §E-1201.1.1), and failure of the electrical work to meet the minimum requirements of the Code. (Phila. Code §E-1201.1.1).  An NOV for the 11 Code violations was issued to Plaintiff under Department case number 667733.  *Id.* at Exh. G. Plaintiff never appealed this violation and failed to timely correct the violation.

In all, from December 2017 to December 2018, the Department cited 24 Code violations at the Tunskai Property.  Over one year, what started as a simple licensing violation had metastasized to the wholesale installation of an electrical system without the required permits. Plaintiff never administratively appealed any of the 26 violations.  Plaintiff never obtained any of the permits to complete any of the work at the property.  Even to date, Plaintiff has not disputed the existence or validity of any of the violations described above.  However, the Tunskai Property remained occupied.

### C.  THE CITY'S CIVIL ENFORCEMENT ACTION IN STATE COURT

On August 14, 2019, as a result of Plaintiff's continued refusal to correct the 24 Code violations at the Tunskai Property, the City filed a civil enforcement action in the Philadelphia Court of Common Pleas ("*Tunskai I*").  *See Tunskai I* Complaint, Exhibit A; *see* Docket, *City of Philadelphia v. Tunskai Properties*, No. 190801541 (Com. Pl. Phila.) ("*Tunskai I* Docket") attached as **Exhibit 2.**  In *Tunskai I,* the City sought an order for Plaintiff to correct the Code violations at the property and pay statutory fines and fees as prescribed by the Code. *Id.*  Plaintiff was served with the complaint on September 11, 2019 and the court set a hearing date of October

8, 2019. *See Tunskai I* docket (Exhibit 2).  Plaintiff failed to file any responsive pleading to the

City's complaint. *Id.*  Plaintiff likewise failed to appear at the October 8, 2019 hearing.

At the October 8, 2019 hearing, the City presented testimonial and documentary evidence

of the 24 code violations at the Tunskai Property. *Id.* at 7 (Trial/Hearing Exhibits Filed).  The

City also presented evidence that, pursuant to Phila. Code §§A-601.1 and 1-109(1), each of the

24 Code violations is subject a $300 statutory fine. *See Tunskai I* October 8, 2019 Final Order to

Vacate Subject Premises & Comply Violations ("*Tunskai I* Final Order"), Findings Section ¶ 7,

attached as **Exhibit 3.**  Based on the total number of days each violation remained uncorrected,

the total statutory fine on the day of the hearing was $2,045,100.[3]  *Id.* at Order Section ¶ 7.  At

the conclusion of the hearing, the court issued an order that the Tunskai Property be vacated by

November 15, 2019, that Plaintiff take the necessary actions to correct the violations, and that

Plaintiff remit the full statutory fine of $2,045,100 amount in 30 days.  *Id.* at Order Section ¶¶ 2,

4, 5, 7.  Failure to remit the fine within 30 days would result in the fine being entered as a

judgment for the City against Plaintiff. *Id.*  Plaintiff failed to file any post-trial motions

contesting the *Tunskai I* Final Order.[4]  *See Tunskai I* Docket (Exhibit 2).

### D.  THE JUDGMENT AND ONGOING EFFORTS TO ENFORCE IT

Plaintiff failed to remit the statutory fine imposed by the *Tunskai I* Final Order.  On

November 8, 2019, the City filed praecipe to enter judgment on the court's order for the statutory

fine, and the Court of Common Pleas entered that judgment against Plaintiff on November 12,

---

[3] On October 8, 2019, the date of the hearing, the violation cited in NOV 616266 had remained uncorrected for 594 days; the violation cited in NOV 641574 had remained uncorrected for 415 days; the 11 violations in NOV 665422 had remained uncorrected for 262 days; and, the 11 violations in NOV 666733 had remained uncorrected for 266 days.

[4] Contrary to Plaintiff's averment (Compl. ¶ 102), the City of Philadelphia took action to execute the order to vacate on November 15th. The City secured the services of a locksmith, contractors, and law enforcement and scheduled those entities to secure the Tunskai Property on the 15th.  However, the Tunskai property was vacated and secured prior to that date. This information was provided to the Department by a representative of Plaintiff, Mr. Saar Paz.

2019.  *Id.* at 8 (Judgment – Court Order) (Exhibit 2).  Plaintiff did not file an appeal of the judgment.  *Id.*  Finally, on February 21, 2020, Plaintiff filed its first pleading in *Tunskai I*, a Petition to Open Judgment.  *Id.* at 8.  That petition was denied on July 1, 2020.  *Id.* at 10 (Order Entered/236 Notice Given).  After the denial of Plaintiff's petition to open judgment, the City resumed efforts to enforce the judgment, including continuing discovery in aid of execution and filing writs of attachment in *Tunskai I*.[5]  *See id.* at 13 (Praecipe to Issue Writ of Attachment).

On July 28, 2020, Plaintiff filed a timely Notice of Appeal in *Tunskai I* for the denial of the petition to open judgment.  *Tunskai I* Docket at 13 (Appeal to Commonwealth Court) (Exhibit 2); *Tunskai I* Notice of Appeal, attached as **Exhibit 4**.  Settlement negotiations between Plaintiff and the City continue.  During the course of those negotiations, on August 17, 2020, Plaintiff filed the matter now before this court.

To date, *Tunskai I* remains an open and ongoing state court proceeding with continuing discovery in aid of execution and motions practice.  *See Tunskai I* Docket at 16-22 (Exhibit 2).  Even after filing this instant matter, Plaintiff continues to actively seek relief in state court.  On August 31, 2020, Plaintiff affirmatively availed itself to the pending nature *Tunskai I* by filing a Motion to Stay Proceedings pursuant to Pennsylvania Rule of Civil Procedure 3121.  *Id.*  In that filing, Plaintiff affirmatively seeks a stay of the *Tunskai I* proceedings pending the outcome of its appeal to Pennsylvania's Commonwealth Court and the instant matter.  *Id.*  On September 22, 2020, Plaintiff took critical steps in pursuit of his Pennsylvania Commonwealth Court appeal by filing his request for *Tunskai I* hearing transcripts to the Commonwealth Court docket.  *See* Request for Transcript of *Tunskai I* and certificate of service, attached as **Exhibit 5**; Docket*, City*

---

[5] The City has also filed a fraudulent transfer action against Plaintiff in the United States District Court for the Middle District of Florida related to the *Tunskai I* judgment. *City of Philadelphia v. Dos Lagos Holdings, LLC and Tunskai Properties, LLC*, 2:20-cv-00473-JLB-NPM (M.D. Fla.).

*of Philadelphia v. Tunskai Properties LLC,* No. 749 C.D. 2020 (Pa. Commw. Ct.)*,* ("*Tunskai II*"), attached as **Exhibit 6**. *Tunskai II* has been docketed by the Commonwealth Court. *See* Notice of Docketing Statement, *City of Philadelphia v. Tunskai Properties LLC,* No. 749 C.D. 2020 (Pa. Commw. Ct.)*,* ("*Tunskai II*"), attached as **Exhibit 7.**

## III.  ALL COUNTS OF THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

### A.  STANDARD OF REVIEW

Under Rule 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter jurisdiction to hear a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012).  It is "presume[d] that federal courts lack jurisdiction unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316 (1991).  "A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may present either a facial or a factual attack" on the pleadings. *Singleton v. Jas Auto. LLC*, 378 F. Supp. 3d 334, 342 (E.D. Pa. 2019) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)). "A facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (citing *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)) (quotations omitted).

The *Younger* abstention doctrine and *Rooker-Feldman* doctrine are both factual attacks on the pleadings under Rule 12(b)(1).[6] *See, e.g., Singleton v. Jas Auto. LLC*, 378 F. Supp. 3d

---

[6] One recent decision in this District considered *Younger* abstention and *Rooker-Feldman* challenges that were lodged prior to the filing of an answer as a facial attack on the pleadings.  *Silverberg v. City of Philadelphia*, No. CV 19-2691, 2020 WL 108619, at *3 (E.D. Pa. Jan. 8, 2020) ("The City Defendants filed the attack before it filed any answer to the Complaint or otherwise presented competing facts. Their motion is therefore, by definition, a facial attack." (internal citations and quotations omitted)).  If this motion is instead considered a facial attack, then Plaintiff's complaint will survive "only if it contains 'enough [factual] heft' establishing the plaintiff's claims rather than plaintiff's conjecture, or self-serving interpretations of actual events, or mere 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Animal Science Prods., Inc. v. China Nat. Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 851 (D.N.J. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)).  In deciding a facial attack, this court construes the alleged facts in the light most favorable to the plaintiff." *In re Schering Plough Corp.*, 678 F.3d at 243.  This court may also consider

334, 343 (E.D. Pa. 2019); *Nellom v. Del. Cnty. Domestic Relations Section*, 145 F. Supp. 3d 470, 477 (E.D. Pa. 2015); *Nev. First Fed., LLC v. Macciocca*, 2015 WL 4461828, at *2 (E.D. Pa. July 21, 2015); *McCurdy v. Esmonde*, 2003 WL 223412, at *4 (E.D. Pa. Jan. 30, 2003).  Under a factual attack under Rule 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977).  In a factual attack analysis, the court may consider evidence outside of the pleadings. *Id.*  Faced with a factual attack under Rule 12(b)(1), the plaintiff has "the burden of proof that jurisdiction does in fact exist." *Id*.

As this motion presents challenges under both Rule 12(b)(1) and Rule 12(b)(6), this court should first consider the challenges to jurisdiction pursuant to Rule 12 (b)(1).  *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993) ("When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot.").

### B.  THE YOUNGER ABSTENTION DOCTRINE REQUIRES DISMISSAL OF ALL COUNTS OF PLAINTIFF'S COMPLAINT WITH PREJUDICE PURSUANT TO RULE 12(B)(1)

This court should abstain from and dismiss this matter with prejudice in accordance with the *Younger* abstention doctrine.  *Younger* abstention requires a federal district court to refrain from exercising jurisdiction when pending state proceedings provide an adequate forum for all relevant issues presented in the federal case. *See Younger v. Harris*, 401 U.S. 37 (1971).  The

---

matters of public record such as state court records.  *Silverberg* 2020 WL 108619, at *4 (citing *John G. v. Northeastern Educ. Intermediate Unit 19*, 490 F. Supp. 2d 565, 575 (M.D. Pa. 2007)).

*Younger* doctrine is based on comity and federalism, which require "proper respect for state functions." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 431 (1982). *Younger* abstention prevents "litigants . . . [from] tak[ing] multiple bites from the same apple" by pursuing a claim in more than one forum. *Bryant v. Sylvester*, 57 F.3d 308, 312 (3d Cir. 1995), *vacated on other grounds*, 516 U.S. 1105 (1996).

In determining whether to abstain under *Younger*, this court must first determine whether the pending state court proceeding falls into one of  "three exceptional categories of proceedings: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions."  *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 462 (3d Cir. 2019) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 81 (2015) (internal quotation marks omitted).  If the state court proceeding is an exceptional category, the court then considers three additional factors prescribed by the Supreme Court in *Middlesex County Ethics Comm. v. Garden State Bar Association* 457 U.S. 423 (1982).  *Id.*  For the purposes of *Younger* abstention, *Tunskai I* meets both the threshold requirement of an exceptional state court proceeding and each of the additional *Middlesex* factors.

    1.  *Tunskai I* meets the threshold requirement as an exceptional civil enforcement proceeding for purposes of *Younger* abstention.

*Tunskai I* is as an "exceptional civil enforcement proceeding" for purposes of a *Younger* analysis.  Exceptional civil enforcement actions are "characteristically initiated to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act." *Sprint Commc'ns, Inc.* 571 U.S. at 72-3.  In qualifying civil enforcement actions, a "state actor is routinely a party to the state proceeding and often initiates the action." *Id.*  "Investigations are commonly involved, often culminating in the filing of a formal complaint or charges." *Id.*  A

civil enforcement action filed by a municipality for violations of nuisance laws and property maintenance code violations clearly possess the characteristics of the qualifying civil actions laid out in *Sprint*.  *See Herrera v. City of Palmdale,* 918 F.3d 1037, 1045 (9th Cir. 2019) (finding a nuisance enforcement action brought in state court by municipality seeking injunctive relief and civil penalties for violations of municipal building and property maintenance codes was a civil enforcement proceeding for purposes of *Younger* abstention).

Here, the City of Philadelphia conducted an investigation by inspecting the Tunskai Property on multiple occasions resulting in the issuance of four NOVs for violations of the Philadelphia Code. *See* Phila. Code §A-401.2 ("The code official shall have the authority to enter at any reasonable time any structure or premises to **inspect, conduct investigations**, or survey…" (emphasis added)); *Tunskai I* Compl. Exh. A, C, E, & G  (Exhibit 1).  Like the municipality in *Herrera*, once Tunskai failed to administratively appeal or otherwise remediate those Code violations, the City of Philadelphia filed a formal complaint in state court seeking imposition of civil penalties and injunctive relief.  As *Tunskai I* clearly meets the definition of an "exceptional civil enforcement proceeding," the *Younger* analysis now turns to the additional *Middlesex* factors.  *Malhan* 938 F.3d at 462.

    2.  *Tunskai I* satisfies all three *Middlesex* conditions

To avoid interference with *Tunskai I*, a pending state court proceeding, this court should abstain and dismiss the instant action with prejudice. Once a state court proceeding is identified as an exceptional category as set out above, *Younger* abstention is appropriate where the following three conditions are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims.  *Middlesex Cnty. Ethics*

*Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). Here, all three *Middlesex* factors are satisfied.

First, *Tunskai I* is an ongoing judicial state proceeding, as discovery, motion practice, and execution proceedings are ongoing.[7] *See Tunskai I* Docket (Exhibit 2). The City of Philadelphia continues to attempt to enforce the judgment by serving discovery in aid of execution requests on Plaintiff and other relevant parties along with continuing execution proceedings. *Id*. Plaintiff has filed a Petition to Stay and Set Aside these Execution Proceedings pursuant to Pennsylvania Rule of Civil Procedure 3121. *Id.* at 21 (Motion to Stay Proceedings). Plaintiff also filed a Notice of Appeal to Pennsylvania's Commonwealth Court. *See Tunskai I* Notice of Appeal (Exhibit 4). Plaintiff has demonstrated its intent to pursue that Commonwealth Court appeal by ordering transcripts of *Tunskai I* and filing those prerequisite documents to the Commonwealth Court docket. *See Tunskai II* Docket (Exhibit 6); *Tunskai II* Request for Transcript of *Tunskai I* and certificate of service, (Exhibit 5). On September 23, 2020, the Commonwealth Court notified the parties that *Tunskai II* has been docketed. *See Tunskai II* Notice of Docketing Statement (Exhibit 7). Plaintiff's affirmative pursuit of its *Tunskai II* appeal only further solidifies the applicability of *Younger* abstention to this instant matter. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989) ("For Younger purposes, the State's trial-and-appeals process is treated as a unitary system, and for a federal court to disrupt its integrity by

---

[7] Plaintiff failed to file any appeal in *Tunskai I* prior to its appeal of the Common Pleas court's denial of a petition to open judgment. *See Tunskai I* Docket (Exhibit 2). However, Plaintiff's failure to timely appeal the *Tunskai I* Final Order or subsequent judgment does not change the analysis that *Tunskai I* is ongoing. In the Third Circuit, "state proceedings remain 'pending,' within the meaning of Younger abstention ... where the claimants have chosen not to pursue their state-court judicial remedies, but have instead sought to invalidate the State's judgment by filing a federal action ." *L.P. Grp. 2, Inc. v. City of Philadelphia*, 2015 WL 3822203, at *7 (E.D. Pa. June 19, 2015) (citing *O'Neill v. City of Philadelphia*, 32 F.3d 785, 790–91 (3d Cir.1994). In *L.P. Group. 2*, the plaintiff's state court appeal was dismissed by the appeals court for failure to timely file a brief. *Id.* Like the *L.P. Group 2* plaintiff, Tunskai failed to timely pursue their state court remedies and therefore *Tunskai I* remains ongoing for purposes of the *Younger* analysis.

18

intervening in midprocess would demonstrate a lack of respect for the State as sovereign."). *Tunskai I* is clearly an ongoing judicial state proceeding and therefore meets the first condition of the *Middlesex* test.[8]

*Tunskai I* satisfies the second *Middlesex* factor as a pending state court action implicating the important state interests of public safety and the elimination of nuisances in the City of Philadelphia.  The City of Philadelphia holds a significant interest in protecting its citizens, employees, and first responders from unpermitted construction and electrical work, dangerous conditions, and nuisance properties.  *See eg.  Herrera* 918 F.3d at 1045 (finding a municipality had a significant state interest in eliminating public nuisances and enforcing local and state codes to protect the public from dangerous conditions.); *Carroll v. City of Mount Clemens*, 139 F.3d 1072, 1075 (6th Cir.1998) (finding important state interests "in enforcing ... state and local housing codes[.]"); *Chez Sez III Corp. v. Township of Union*, 945 F.2d 628, 633 (3d Cir.1991) (land use issues implicate important state interests), *cert. denied*, 503 U.S. 907 (1992).  The number and nature of Philadelphia Code violations at the Tunskai Property – particularly the unpermitted electrical wiring and improperly wired fire alarm in the occupied property – are a clear and significant danger to public safety.  *Tunskai I* was filed to directly advance the City's vital interest of mitigating this danger by enforcing the Philadelphia Code and ensuring the Code violations at the Tunskai Property were corrected.[9] *Tunskai I* meets the second *Middlesex* factor.

---

[8] Whether Plaintiff has failed to previously raise any or all of his instant claims during *Tunskai I* does not alter the fact that *Tunskai I* is an ongoing state proceeding. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

[9] To the extent Plaintiff's purported class challenges the entire process of Philadelphia's Code Enforcement program, a vital state interest is also present.  In a Constitutional challenge to the regulatory system for the enforcement of the City of Philadelphia's parking ticket procedures, the Third Circuit Court of Appeals found that the "City of Philadelphia has a vital and critical interest in the functioning of a regulatory system … which is intimately associated with the physical and financial workings of the city in general, and of the municipal government in particular." *O'Neill v. City of Philadelphia*, 32 F.3d 785, 792 (3d Cir. 1994). In abstaining under

*Tunskai I* satisfies the third *Middlesex* factor by continuing to afford Plaintiff adequate opportunity to raise the claims now asserted in his federal complaint.  From the outset, Plaintiff has failed to avail itself to the multiple opportunities available to challenge the Code violations and statutory fines. Prior to *Tunskai I,* Plaintiff failed to administratively appeal the multiple notices of violation.  During *Tunskai I*, Plaintiff had the opportunity to raise all his instant claims in a responsive pleading.  However, Plaintiff declined to file any responsive pleading.  *See Tunskai I* Docket (Exhibit 2).  Failure to file a responsive pleading alone satisfies the "adequate opportunity" factor. *See Middlesex*, 457 U.S. at 435 (holding that the plaintiff had an adequate opportunity to raise his federal Constitutional claims in a state court attorney disciplinary proceeding when the plaintiff failed to respond to the complaint filed against him by the local Ethics Committee).  Plaintiff also had the opportunity to raise these claims at the October 8, 2019 court hearing.  However, Plaintiff failed to appear at the hearing.  Plaintiff again had the opportunity to raise these claims during *Tunskai I* by filing a post-trial motion challenging the *Tunskai I* Final Order. However, Plaintiff failed to file post-trial motions. *See Tunskai I* Docket (Exhibit 2).  Plaintiff still again had the opportunity to raise his claims in an appeal of the judgment. However, Plaintiff failed to file an appeal. *Id.*

Despite already eschewing multiple opportunities to raise its instant claims during *Tunskai I*, Plaintiff still has an opportunity to raise these claims in that state court proceeding. In fact, Plaintiff has availed itself of this opportunity.  Pennsylvania Rule of Civil Procedure 3121 provides that "[e]xecution may be stayed by the court as to all or any part of the property of the defendant upon its own motion or application of any party in interest showing (1) a defect in the writ, levy or service; or (2) **any other legal or equitable ground therefor**." Pa.R.C.P 3121

---

*Younger*, that Court noted "it would well nigh be impossible to overstate the point that the federal courts have no interest whatsoever… in the City of Philadelphia's on-street parking regulations." *Id.*

(emphasis added).  This very broad language – "any other legal or equitable ground" – permits

Plaintiff to raise the claims that he has asserted in the instant federal case in a Motion to Stay

pursuant to Rule 3121 in the state court proceedings. Plaintiff has, in fact, filed a motion

pursuant to Rule 3121. *See Tunskai I* Docket at 21 (Motion to Stay Proceedings) (Exhibit 2).  As

such, *Tunskai I* continues to afford Plaintiff adequate opportunity to litigate his claims and

satisfies the third *Middlesex* factor.

      3.  <u>Plaintiff's complaint should be dismissed with prejudice.</u>

    This matter meets all requirements of the *Younger* abstention doctrine. *Tunskai I* is

categorized as an exceptional state civil enforcement proceeding. *Tunskai I* is an ongoing state

proceeding implicating important state interests and continues to provide Plaintiff myriad

opportunities to raise the claims raised by his instant complaint.  As a result, the Amended

Complaint should be dismissed with prejudice pursuant to Rule 12(b)(1).  *Lui v. Comm'n.*, 369

F.3d 319, 327 (3d Cir. 2004) (stating that *Younger* abstention requires federal suit to be

dismissed with prejudice).

### C.  THE ROOKER-FELDMAN DOCTRINE REQUIRES DISMISSAL OF ALL COUNTS OF PLAINTIFF'S COMPLAINT WITH PREJUDICE PURSUANT TO RULE 12(B)(1)

    Plaintiff's complaint is a collateral attack on a state court judgment.[10]  In essence,

Plaintiff seeks review and reversal of the unfavorable state court judgment against it, a review

prohibited by the *Rooker-Feldman* doctrine.  The Rooker-Feldman doctrine holds that Federal

district courts lack subject-matter jurisdiction over "cases brought by state-court losers

complaining of injuries caused by state-court judgments rendered before the district court

---

[10] To the extent Plaintiff's complaint seeks review of all state court judgments in its proposed class, it represents a collateral attack on every individual state court judgment in the class.

proceedings commenced and inviting district court review and rejection of those judgments."

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005). *Rooker-Feldman*

applies if: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused

by the state-court judgments; (3) those judgments were rendered before the federal suit was filed;

and (4) the plaintiff is inviting the district court to review and reject the state judgments. *See*

*Cassell v. Cty. of Montgomery, Pennsylvania*, 2017 WL 2672653, at *5 (E.D. Pa. June 20, 2017)

(citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010)

(dismissing a complaint which sought an order declaring state judgments unconstitutional and

enjoining their enforcement). While all four requirements must be met, the Third Circuit has

emphasized that the "second and fourth requirements are the key to determining whether a

federal suit presents an independent non-barred claim." *Great W. Mining & Mineral Co.* 615 at

166 (3d Cir. 2010) (citing *Exxon Mobil*, 544 U.S. at 284). Plaintiff's case satisfies all four

requirements for dismissal under *Rooker-Feldman*.

1. <u>Plaintiff lost in state court and the judgment was entered before this federal action was commenced.</u>

Plaintiff's claim clearly satisfies the first and third requirements for dismissal under

*Rooker-Feldman.* Plaintiff is the state court loser in *Tunskai I.* Plaintiff failed to contest the

City's claims in state court, a Final Order was entered against him, and judgment for the

statutory fines was entered by the Court of Common Pleas on November 12, 2019. *See Tunskai I*

Docket at 7-8 (Exhibit 2). The *Tunskai I* state court judgment was entered before Plaintiff filed

the instant federal action on August 17, 2020. This fact satisfies the third requirement for

dismissal under *Rooker-Feldman*. Therefore, the analysis turns to the second and fourth

requirements to determine whether dismissal under *Rooker-Feldman* is appropriate.

2.   <u>Plaintiff alleges injuries that are caused by the state court judgment.</u>

Plaintiff meets the second requirement by complaining of a purported injury directly caused by the execution of a state court judgment in the Philadelphia Court of Common Pleas. As a preliminary matter, for the purposes of *Rooker-Feldman*, a judgment exists when "the state action has reached a point where neither party seeks further action" such as "when a lower state court "issues a judgment and the losing party allows the time for appeal to expire." *Malhan* 938 F.3d at 459 (citing *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410 F.3d 17 at 24 (1st Cir. 2005) (internal quotation marks omitted).  The judgment in *Tunskai I* was entered against Plaintiff on November 12, 2019.  Plaintiff failed to file a notice of appeal within 30 days as prescribed by Pennsylvania Rule of Civil Procedure 903. *See Tunskai I* Docket at 7-8 (Exhibit 2).  Because Plaintiff "allowed the time for appeal to expire," the *Tunskai I* judgment meets the requirements of *Rooker-Feldman*. *Malhan* 938 F.3d at 459 (citations omitted).

Having established that the *Tunskai I* judgment is a judgment for purposes of *Rooker-Feldman*, the events show that Plaintiff's alleged injuries are caused by the state court judgment. Determining whether an alleged injury is, in fact, caused by a state court judgment "becomes more complicated when a federal plaintiff complains of an injury that is in some fashion related to a state-court proceeding."  *Great W. Mining & Mineral Co.* 615 F.3d 159 at 167.  In these instances, courts examine the timing of the injury and "whether the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been "caused by" those proceedings." *Id.* (citations omitted).  *See also Reisinger v. Luzerne Cty.*, 712 F. Supp. 2d 332, 348 (M.D. Pa. 2010) ("This requirement can be seen as a question whether absent the state court's judgment, the plaintiff would not have the injury he now seeks to redress.") aff'd sub

nom. *Reisinger v. Cty. of Luzerne*, 439 F. App'x 190 (3d Cir. 2011).  In this matter, Plaintiff

complains of alleged injury caused by fines imposed pursuant to the Philadelphia Code.  These

fines were imposed by the state court at conclusion of *Tunskai I*.  Plaintiff did not owe any

statutory fines prior to *Tunskai I*.  But for the *Tunskai I* state court judgment imposing the

statutory fines, Plaintiff would have no injury upon which to base this federal claim.  *See*

*Silverberg v. City of Phila.,* 2020 WL 108619, at *5 (E.D. Pa. Jan. 8, 2020) (Holding *Rooker-*

*Feldman* applied to Plaintiff's challenge of state court judgments because "[i]f the default

judgment was never entered against him, or if he was successful on the State Court Motion to

Enjoin Enforcement, there would be no injury for which to seek redress in this forum.").  As

such, Plaintiff's alleged injuries are caused by a state court judgment and the second requirement

for *Rooker-Feldman* is met.

     3.  <u>Plaintiff asks this court to review and reject a state court judgment.</u>

     Plaintiff explicitly requests that this court review and reject state court judgments.

Plaintiff seeks "a writ issuing preliminary injunctive relief staying all execution proceedings

against Class Members pending resolution of this matter;" "a writ issuing permanent injunctive

relief setting aside all execution proceedings against Class Members;" and "a writ issuing

permanent injunctive relief opening all judgments entered against Class Members." Compl.

Prayer for Relief ¶¶ 2, 5, 6.  This requested relief requires that this court, in effect, void *Tunskai I*

along with an additional unidentified number of state court judgments.  The nature of this relief

therefore satisfies the fourth requirement of *Rooker-Feldman*. *Cassell v. Cty. of Montgomery,*

*Pennsylvania*, 2017 WL 2672653, at *6 (E.D. Pa. June 20, 2017) (holding *Rooker-Feldman*

barred Plaintiff's claims that expressly sought a permanent injunction to cease enforcement of

state judgments against Plaintiff). To the extent Plaintiff's relief would be applied to the

purported class, it would also require this court reverse Pennsylvania's state appeals courts that have affirmed the lower court's judgments against similar challenges as Plaintiff brings here. *See eg. City of Philadelphia v. DY Properties, LLC*, 223 A.3d 717, 723 n12 (Pa. Commw. Ct. 2019), appeal denied, No. 20 EAL 2020, 2020 WL 3467228 (Pa. June 25, 2020) ("Even if DY had not waived the excessive fines argument, this Court would find that the fines were constitutional."). That Plaintiff explicitly requests that this court review and reject a state court judgment and meets the fourth and final requirement for *Rooker-Feldman*. *Cassell* 2017 WL 2672653, at *6.

Plaintiff lost in state court and now asks this court to review and reject that state court decision, an action which is barred by the *Rooker-Feldman* doctrine. As such, the Amended Complaint should be dismissed under Rule 12(b)(1) with prejudice.

## IV.  ALL COUNTS OF THE COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

### A.  STANDARD OF REVIEW

The applicable standard for a Rule 12(b)(6) motion is well-settled. Under this Rule, the Court must dismiss an action on motion made before a responsive pleading is filed, when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The allegations in the complaint are accepted as true; however, "'[this court is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation.'" *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

**B.  RES JUDICATA BARS ALL OF PLAINTIFF'S CLAIMS AND ALL COUNTS OF PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 12(B)(6)**

Plaintiff's claims are precluded under the doctrine of *res judicata*.  *Res judicata*, or claim preclusion, prohibits parties from relitigating issues that were or could have been raised in another action that reached final judgment on merits.[11]  *San Remo Hotel v. City & Cnty. of S.F.*, 545 U.S. 323 (2005).  To determine the preclusive effect of a state court judgment, that state's claim preclusion law is applied.   28 U.S.C. § 1738;  *R & J Holding Co. v. Redevelopment Auth. of Cty. of Montgomery*, 670 F.3d 420, 426 (3d Cir. 2011) (citing *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982) ("Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.")).   "Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action."[12]  *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (1995) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  "For the doctrine of *res judicata* to prevail, Pennsylvania courts require that the two cases share the following four conditions: (1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued."  *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006) (citing *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72, 74 (Pa. 1974).  Here, Plaintiff's instant case and *Tunskai I* share all four conditions for *res judicata* to apply.

Both *Tunskai I* and Plaintiff's instant suit seek the same thing – imposition or relief from statutory fines under the Philadelphia Code.  In *Tunskai I*, the City of Philadelphia filed suit

---

[11] Whether *res judicata* defeats Plaintiff's suit is an inquiry distinct from the *Rooker-Feldman* inquiry above.  *Great W. Mining & Mineral Co.* 615 F.3d at 170.

[12] The November 12, 2019 judgment in *Tunskai I* is a final judgment for purposes of this *res judicata* analysis. *Shaffer v. Smith*, 673 A.2d 872, 874 (Pa. 1996) ("A judgment is deemed final for purposes of *res judicata* or collateral estoppel unless or until it is reversed on appeal.").

pursuant to the Philadelphia Code seeking, *inter alia*, "[Tunskai] pay a daily fine of $300 for each of the 24 cited violations of the Philadelphia Code for each and every day that those violations remain uncorrected." *Tunskai I* Compl. ¶48 (Exhibit 1).  Now, Plaintiff seeks relief from those same statutory fines imposed pursuant to the Philadelphia Code by the state court in *Tunskai I*.  The "thing sued upon or for" – statutory fines imposed against Plaintiff – is the same in *Tunskai I* and the instant case, satisfying the first condition for *res judicata*. *Turner* 449 F.3d at 548.

       *Tunskai I* and Plaintiff's case concern the same cause of action.  Identifying the cause of action in a *res judicata* analysis requires examining "the essential similarity of the underlying events giving rise to the various legal claims." *Turner* 449 F.3d at 549 (quoting *McArdle v. Tronetti*, 627 A.2d 1219, 1222 (Pa. Super. Ct. 1993).  Where the same events give rise to both complaints, the same cause of action exists and *res judicata* applies.  *DeRaffele v. City of Williamsport*, 2019 WL 3779708, at *4 (Pa. Commw. Ct. Aug. 12, 2019) (finding *res judicata* applied where Plaintiff's state court claim of malicious prosecution for a property Maintenance Code citation concerned the same cause of action as his federal Constitutional claims based on the issuance of that same citation.).  Like *DeRaffele*, the underlying events at the core of Plaintiff's federal complaint are the issuance of citations for Philadelphia Code violations and subsequent a judicial enforcement of those citations. Compl. ¶ 95.  These same events are the underlying events of *Tunskai I*.  *See Tunskai I* Compl. ¶¶ 8-38 (Exhibit 1).  Both *Tunskai I* and Plaintiff's complaint concern the same cause of action.

       Plaintiff alleges numerous legal theories that it failed to present in *Tunskai I*. However, Plaintiff's use of new legal theories in this matter is unavailing on the cause of action analysis. *See Turner*, 449 F.3d at 549 ("Pennsylvania courts have held that the mere advancement of a

different legal theory does not necessarily give rise to a different cause of action.") (citing *McArdle v. Tronetti*, 627 A.2d 1219, 1222 (Pa. Super. Ct. 1993)); *see also Allen v. McCurry*, 449 U.S. 90, 104 (1980) ("There is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all."). *Res judicata* "applies not only to claims actually litigated, **but also to claims which could have been litigated during the first proceeding** if they were part of the same cause of action." *Id*. (quoting *Balent* 669 A.2d at 313) (emphasis added). Plaintiff could have raised all its instant claims in *Tunskai I.* Instead, Plaintiff, failed to file a responsive pleading, failed to appear at the October 8, 2019 hearing, and failed to timely appeal the judgment. *Cf. Middlesex*, 457 U.S. at 435 (holding that the plaintiff had an adequate opportunity to raise his federal constitutional claims in a state court attorney disciplinary proceeding when the plaintiff failed to respond to the complaint filed against him by the local Ethics Committee). The instant matter and *Tunskai I* share a common cause of action and satisfy the second factor for *res judicata*.

Finally, both suits involve Tunskai and the City of Philadelphia and thus satisfy the third and fourth factors for *res judicata*. Having met all four conditions for *res judicata* under Pennsylvania jurisprudence, Plaintiff's complaint should be dismissed in its entirety pursuant to Rule 12(b)(6).

## V.  CONCLUSION

The City respectfully requests that the Court grant its Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim. As a threshold matter, the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine. In addition, Plaintiff's complaint

is barred by *res judicata.* Therefore, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), the claims

against the City and City Defendants should be dismissed with prejudice.

Date:  September 23, 2020                    Respectfully submitted,

Brendan J. Philbin Esq.
Divisional Deputy City Solicitor
Pa. Attorney ID No. 307276
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-5110
brendan.philbin@phila.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TUNSKAI PROPERTIES, LLC** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 20-cv-04004** |
| | : | |
| **CITY OF PHILADELPHIA, et.al.** | : | |
| **Defendants.** | : | |
| | : | |

## <u>CERTIFICATE OF SERVICE</u>

I, Brendan J. Philbin, attorney for the Defendant City of Philadelphia, certify that on this date, a true and correct copy of Defendant's Motion to Dismiss the Class Action Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim, Memorandum of Law in support thereof, proposed Order, and accompanying exhibits were filed via the Court's electronic filing system and available for download.

Date:  September 23, 2020                    Respectfully submitted,


Brendan J. Philbin Esq.
Divisional Deputy City Solicitor
Pa. Attorney ID No. 307276
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-5110
brendan.philbin@phila.gov

1