**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TUNSKAI PROPERTIES, LLC** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 20-cv-04004** |
| | : | |
| **CITY OF PHILADELPHIA, et.al.** | : | |
| **Defendants.** | : | |
| | : | |

## <u>ORDER</u>

And now, this _____ day of _____, 2020, upon consideration of

Defendant, City of Philadelphia's, Motion to Dismiss the Amended Class Action Complaint and

Memorandum of Law in Support, it is hereby ordered that Defendant's Motion is GRANTED.

The entirety of Plaintiff's Amended Class Action Complaint is DISMISSED WITH

PREJUDICE.

BY THE COURT:

_____
The Honorable Michael M. Baylson

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TUNSKAI PROPERTIES, LLC** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 20-cv-04004** |
| | : | |
| **CITY OF PHILADELPHIA, et.al.** | : | |
| **Defendants.** | : | |
| | : | |

## MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE TO STATE A CLAIM

Defendant, City of Philadelphia, by and through the undersigned counsel files this Motion to Dismiss the Amended Class Action Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant respectfully requests this Court dismiss the Amended Class Action Complaint in its entirety with prejudice.

Pursuant to Local Rule 7.1(c), in support of this motion, Defendant incorporates the attached Memorandum of Law as though fully set forth here.

Date:  November 6, 2020

Respectfully submitted,

Brendan J. Philbin

Brendan J. Philbin Esq.
Divisional Deputy City Solicitor
Pa. Attorney ID No. 307276
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-5110
brendan.philbin@phila.gov

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TUNSKAI PROPERTIES, LLC** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 20-cv-04004** |
| | : | |
| **CITY OF PHILADELPHIA, et.al.** | : | |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, CITY OF
PHILADELPHIA'S, MOTION TO DISMISS THE AMENDED CLASS ACTION
COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND FAILURE
TO STATE A CLAIM**

Defendant, City of Philadelphia, by and through its undersigned counsel, files this Memorandum

of Law in Support of the Motion to Dismiss Plaintiff Tunskai Properties, LLC's Amended Class

Action Complaint for Lack of Subject-Matter Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1)

and for Failure to State a Claim pursuant to Fed. R. Civ. P. 12(b)(6).

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................6

II. FACTS AND PROCEDURAL HISTORY ..............................................................8

    A. The City of Philadelphia's Department of Licenses and Inspections............................8

    B. Twenty-Four Code Violations at the Tunskai Property…..............................................9

    C. The City's Civil Enforcement Action in State Court ...................................................11

    D. The Judgment and Ongoing Efforts to Enforce It...........................................................13

III. ALL COUNTS OF THE AMENDED CLASS ACTION COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)…..........14

    A. Standard of Review ………………………………….............................................14

    B. The *Younger* Abstention Doctrine.......................................................................16

    C. The *Rooker Feldman* Doctrine ………………………………………………………23

IV. ALL COUNTS OF THE AMENDED CLASS ACTION COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE  12(b)(6)…….....27

    A. Standard of Review ………………………….....................................................27

    B. *Res Judicata*……………………………………….............................................27

V. CONCLUSION ………………………....................................................................30

# TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Allen v. McCurry*,
  449 U.S. 90 (1980) .................................................................................................... 28, 30

*Animal Science Prods., Inc. v. China Nat. Metals & Minerals Import & Export Corp.*,
  596 F. Supp. 2d 842 (D.N.J. 2008) ................................................................................ 15

*Balent v. City of Wilkes-Barre*,
  669 A.2d 309 (Pa. 1995) ........................................................................................ 28, 30

*Baraka v. McGreevey*,
  481 F.3d 187 (3d Cir. 2007) .......................................................................................... 27

*Bearoff v. Bearoff Bros., Inc.*,
  327 A.2d 72 (Pa. 1974) ................................................................................................. 28

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................ 15, 27

*Bryant v. Sylvester*,
  57 F.3d 308 (3d Cir. 1995) ............................................................................................ 16

*Carroll v. City of Mount Clemens*,
  139 F.3d 1072 (6th Cir.1998) ........................................................................................ 19

*Cassell v. Cty. of Montgomery, Pennsylvania*,
  2017 WL 2672653 (E.D. Pa. June 20, 2017) ............................................... 23, 26, 27

*Chez Sez III Corp. v. Township of Union*,
  945 F.2d 628 (3d Cir.1991) ........................................................................................... 19

*Churchill v. Star Enterprises*,
  183 F.3d 184 (3d Cir. 1999) .......................................................................................... 29

*City of Philadelphia v. DY Properties, LLC*,
  223 A.3d 717 (Pa. Commw. Ct. 2019) ......................................................................... 26

*CNA v. United States*,
  535 F.3d 132 (3d Cir. 2008) .......................................................................................... 14

*Commonwealth v. Stanton*,
  440 A.2d 585 .......................................................................................................... 21, 22

*Davis v. Wells Fargo*,
  824 F.3d 333 (3d Cir. 2016) .......................................................................................... 14

*DeRaffele v. City of Williamsport*,
  2019 WL 3779708 (Pa. Commw. Ct. Aug. 12, 2019) ................................................ 29

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*,
  544 U.S. 280, (2005) .............................................................................................. 23, 24

*Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*,
  410 F.3d 17 (1st Cir. 2005) ........................................................................................... 24

*Grayson v. Mayview State Hosp.*,
  293 F.3d 103 (3d Cir.2002) ........................................................................................... 31

*Great W. Mining & Mineral Co. v. Fox Rothschild LLP*,
  615 F.3d 159 (3d Cir. 2010) ........................................................... 23, 24, 25, 28

*Herrera v. City of Palmdale*,
  918 F.3d 1037 (9th Cir. 2019) ................................................................................ 17, 19

*Hoblock v. Albany Cnty. Bd. of Elections*,
  422 F.3d 77 (2d Cir.2005) ............................................................................................ 23
*In re Corestates Trust Fee Litig.*,
  837 F. Supp. 104 (E.D. Pa. 1993) ................................................................................ 15
*In re Lokuta*,
  11 A.3d 427 (Pa. 2011) ................................................................................................ 21
*In re Schering Plough Corp. Intron/Temodar Consumer Class Action*,
  678 F.3d 235 (3d Cir. 2012) .................................................................................. 14, 15
*John G. v. Northeastern Educ. Intermediate Unit 19*,
  490 F. Supp. 2d 565 (M.D. Pa. 2007) .......................................................................... 15
*Juidice v. Vail*,
  430 U.S. 327 (1977) ...................................................................................................... 20
*Kremer v. Chem. Const. Corp.*,
  456 U.S. 461 (1982) ...................................................................................................... 28
*Kugler v. Helfant*,
  421 U.S. 117 (1975) ...................................................................................................... 21
*L.P. Grp. 2, Inc. v. City of Philadelphia*,
  2015 WL 3822203 (E.D. Pa. June 19, 2015) ............................................................... 18
*Lui v. Comm'n.*,
  369 F.3d 319 (3d Cir. 2004) ......................................................................................... 22
*Malhan v. Sec'y United States Dep't of State*,
  938 F.3d 453 (3d Cir. 2019) ......................................................... 16, 17, 24, 25
*McArdle v. Tronetti*,
  627 A.2d 1219 (Pa. Super. Ct. 1993) ................................................................... 29, 30
*McCurdy v. Esmonde*,
  2003 WL 223412 (E.D. Pa. Jan. 30, 2003) .................................................................. 15
*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n.*,
  457 U.S. 423 (1982) ................................................................................................. Passim
*Mikhail v. Kahn*,
  991 F. Supp. 2d 596 (E.D. Pa.) .................................................................................... 23
*Morrow v. Balaski*,
  719 F.3d 160 (3d Cir. 2013) ......................................................................................... 27
*Mortensen v. First Fed. Sav. & Loan Ass'n*,
  549 F.2d 884 (3d Cir. 1977) ......................................................................................... 15
*Nellom v. Del. Cnty. Domestic Relations Section*,
  145 F. Supp. 3d 470 (E.D. Pa. 2015) ........................................................................... 15
*Nev. First Fed., LLC v. Macciocca*,
  2015 WL 4461828 (E.D. Pa. July 21, 2015) ................................................................ 15
*New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*,
  491 U.S. 350 (1989) ...................................................................................................... 19
*O'Neill v. City of Philadelphia*,
  32 F.3d 785 (3d Cir.1994) ..................................................................................... 18, 20
*Pennzoil Co. v. Texaco, Inc.*,
  481 U.S. 1 (1987) .......................................................................................................... 19
*R & J Holding Co. v. Redevelopment Auth. of Cty. of Montgomery*,
  670 F.3d 420 (3d Cir. 2011) ......................................................................................... 28

*Reilly by Reilly v. Se. Pennsylvania Transp. Auth.*,
  489 A.2d 1291 (Pa. 1985) ................................................................................ 21
*Reisinger v. Cty. of Luzerne*,
  439 F. App'x 190 (3d Cir. 2011) ..................................................................... 25
*Reisinger v. Luzerne Cty.*,
  712 F. Supp. 2d 332 (M.D. Pa. 2010) ............................................................. 25
*Renne v. Geary*,
  501 U.S. 312 (1991) ........................................................................................ 14
*San Remo Hotel v. City & Cnty. of S.F.*,
  545 U.S. 323 (2005) ........................................................................................ 28
*Shaffer v. Smith*,
  673 A.2d 872 (Pa. 1996) ................................................................................. 28
*Silverberg v. City of Philadelphia*,
  2020 WL 108619 (E.D. Pa. Jan. 8, 2020) ................................................. 15, 26
*Singleton v. Jas Auto. LLC*,
  378 F. Supp. 3d 334 (E.D. Pa. 2019) ........................................................ 14, 15
*Sprint Commc'ns, Inc. v. Jacobs*,
  571 U.S. 69 (2015) ..................................................................................... 16, 17
*Turner v. Crawford Square Apartments III, L.P.*,
  449 F.3d 542 (3d Cir. 2006) ...................................................................... 28, 29
*Younger v. Harris*,
  401 U.S. 37 (1971) .......................................................................................... 16

Statutes

28 U.S.C. § 1738 ................................................................................................ 28
42 U.S.C. § 1983 ................................................................................................ 21

Rules

Fed. R. Civ. P. 12(b)(1) ............................................................................... Passim
Fed. R. Civ. P. 12(b)(6) ............................................................................... Passim
Pennsylvania Rule of Civil Procedure 903 ...................................................... 24
Pennsylvania Rule of Civil Procedure 3121 ......................................... 14, 18, 22

Philadelphia Ordinances

Phila. Code §1-109(1) ........................................................................................ 9
Phila. Code §A-301 *et. seq.* ............................................................................. 10
Phila. Code §A-401.2 ..................................................................................... 8, 17
Phila. Code §A-402 ........................................................................................... 10
Phila. Code §A-502 *et seq…* ......................................................................... 8, 9
Phila. Code §A-503.1 ..................................................................................... 9, 25
Phila. Code §A-601 *et seq.* .............................................................................. 9
Phila. Code §A-801 ............................................................................................. 8
Phila. Code §9-101 ............................................................................................. 8

## I.     INTRODUCTION

In this case, Tunskai Properties LLC ("Plaintiff" or "Tunskai"), presents an amalgam of baseless allegations of systemic corruption and incompetence in the City of Philadelphia government, macabre references to a wholly unrelated 2013 fatal building collapse, and specious accusations of judicial incompetence for the simple goal of avoiding a state court judgment against it.

Plaintiff is a Florida limited liability company and the owner of 6200 Germantown Avenue, a mixed-use commercial and residential property located in northwest Philadelphia ("Tunskai Property"). Starting in December 2017, the City of Philadelphia's Department of Licenses and Inspections uncovered multiple dangerous violations of the Philadelphia Building Construction and Occupancy Code at the Tunskai Property.  These violations included unpermitted and unsafe electrical wiring, unpermitted installation of a new 800 amp electrical service, an improperly wired fire alarm, a lack of fire-rated entry doors, and deficient plumbing in the first-floor pizza restaurant.  Even though these conditions posed significant dangers to life and public safety, the Tunskai Property remained occupied with both commercial and residential tenants.  Despite being served with notices of these Philadelphia Code violations, Plaintiff took no action to correct the violations and no action to challenge the violations through the administrative appeal process.

On August 14, 2019, as a result of Plaintiff's refusal to address the Code violations at the Tunskai Property and the continued danger posed to public safety, the City of Philadelphia filed a civil enforcement action in the Philadelphia Court of Common Pleas asking the state court to order Plaintiff to correct the code violations and pay statutory fines pursuant to the Philadelphia Code.  Despite being served with the state court complaint on September 11, 2019, Plaintiff

failed to file any responsive pleading and failed to appear at the October 8, 2019 hearing in that state court proceeding.  At the October 8 state court hearing, the Court of Common Pleas ordered the Tunskai Property vacated, ordered Plaintiff to correct the violations of the Philadelphia Code, and ordered Plaintiff to pay a cumulative statutory fine of $2,045,000, representing a $300 fine for each day each code violation existed pursuant to the daily fine provisions of the Philadelphia Code.

Plaintiff failed to appeal that October 8, 2019 order and failed to remit the statutory fine imposed.  As a result, on November 12, 2019, the Philadelphia Court of Common Pleas entered judgment against Plaintiff for the statutory fine.  Plaintiff likewise failed to file a timely appeal of that judgment.  On or about November 29, 2019, the City of Philadelphia began efforts to collect that state court judgment.  Over the past 12 months, Plaintiff rejected several offers from the City of Philadelphia to settle this state court judgment and instead responded with a threat to sue the City of Philadelphia in federal court.  With the parties at a settlement impasse, Plaintiff made good on its threat and filed its initial complaint in this lawsuit on August 17, 2020.

Plaintiff's Amended Class Action Complaint – replete with irrelevant and inflammatory averments – at its core represents a collateral attack on a valid and final state court judgment. Even conjuring up unrelated tragedies and irrelevant events dating back to the 1950s cannot hide Plaintiff's objective purpose: to have this court violate the principles of comity by interfering with parallel and ongoing state court proceedings.  However, this Court lacks subject matter jurisdiction over such cases through both the *Younger* abstention doctrine and *Rooker-Feldman* doctrine and should therefore dismiss this matter in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1).  Additionally, having failed to raise these claims when provided the chance in state court, Plaintiff cannot now overcome the principles of *res judicata*. Thus, the Amended

Class Action Complaint also fails to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff's Amended Class Action Complaint should be dismissed with prejudice in its entirety and Plaintiff should not be granted further leave to amend.

## II.    FACTS AND PROCEDURAL HISTORY

### A.  THE CITY OF PHILADELPHIA'S DEPARTMENT OF LICENSES AND INSPECTIONS

The dispute between Plaintiff and the City of Philadelphia ("City") began in December 2017 when the City, through its Department and Licenses and Inspections ("Department"), inspected a property owned by Plaintiff located at 6200 Germantown Avenue in northwest Philadelphia ("Tunskai Property").  The Department's duty includes inspecting properties in the City to determine compliance with the Philadelphia Code ("Code"), including Title 4, The Philadelphia Building Construction and Occupancy Code, and Title 9, Regulation of Businesses, Trades, and Professions.  Phila. Code §A-401.2 and Phila. Code §9-101.  When the Department observes Code violations at a property, it issues a notice of violation ("NOV") to the property owner or responsible party. Phila. Code §A-502.1. The NOV contains, *inter alia*, identification of the subject premises, a description of the Code violations, and an order to correct the violations by a set deadline.  Phila. Code §A-502.2.  The NOV provides clear notice that failure to correct the violations may result in the filing of a legal action to obtain compliance and impose statutory fines.  The NOV also sets forth the recipient's right to contest the violation by filing an administrative appeal to the Board of License and Inspection Review. *See* Phila. Code §A-801 *et. seq*.  If a violation remains uncorrected after the deadline set by the NOV and no appeal is pending, the City may initiate a civil enforcement action in state court seeking an injunction

ordering the owner to correct the violations and seeking imposition of statutory fines by that state court.  *See* Phila. Code §A-503.1 *et. seq.*

The Code prescribes a fine of $300.00 for each violation of the Philadelphia Code.[1] Phila. Code §§A-601.1 and 1-109(1).  Fines under these sections are daily fines, in that "[e]ach day the violation continues is a separate offense." Phila. Code §1-109(1); *see also* Phila. Code §A-601.4 ("Each day that a violation continues after issuance of a notice or order shall be deemed a separate offense.").  In filing civil enforcement actions for Code violation cases in state court, the City pleads the total statutory fine amount calculated at the time of filing.  During the course of these civil enforcement actions, one or more hearings are held wherein the presiding state court judge receives evidence from both the City and defendant(s).  At the conclusion of these hearings, the state court judge, if appropriate, orders the defendant to correct the violation and orders the defendant to pay statutory fines in an amount deemed appropriate by the judge. After the order is issued, Defendants retain all rights to appeal or post-trial relief available under the Pennsylvania Rules of Civil Procedure.  If a defendant fails to remit the ordered fine, the City files judgment to collect that fine.

## B.  TWENTY-FOUR CODE VIOLATIONS AT THE TUNSKAI PROPERTY

The Tunskai Property is a 3-story mixed use property located in northwest Philadelphia. The first floor is used as a pizza restaurant and the second and third floors contain multiple residential apartment units.  On December 19, 2017, the Department inspected the Tunskai Property and determined that the property was an occupied residential rental property without a

---

[1] During the continuing Code violations at the Tunskai Property, the language regarding fine amount in Phila. Code §A-601.1 was amended on June 6, 2018.  *See Cty. Of Phila. Bill No. 180175*, "Amending Subcode "A" (The Philadelphia Administrative Code) of Title 4 of Philadelphia Code (The Building, Construction and Occupancy Code)."  Prior to June 6, 2018, Phila. Code §A-601.1 prescribed that Code violations "shall be subject to a fine of <u>not less than $150.00 and not more than</u> $300.00 for each offense." *Id.* (emphasis added).

valid rental license in violation of Phila. Code §9-3902.  An NOV for this rental license violation was issued to Plaintiff under Department case number 616266.  *See* City of Phila. Compl. Exh. A, *City of Philadelphia v. Tunskai Properties* ("*Tunskai I* Compl."), No. 190801541 (Com. Pl. Phila.), attached as **Exhibit 1**.  Plaintiff never administratively appealed this violation and failed to timely obtain a rental license.

On June 27, 2018, the Department once again inspected the Tunskai Property and found an additional Code violation – that the fire escape stairs were blocked with a dumpster in violation of Phila. Fire Code §F-1003.3.  An NOV for this Code violation was issued to Plaintiff under Department case number 641574.  *Id.* at Exh. C.  Plaintiff never administratively appealed this violation and failed to timely correct the Code violation.

On November 29, 2018, the Department inspected the Tunskai Property and found 11 new Code violations related to electrical, building, and plumbing work all underway without the required permits, inspections, or certifications.[2]  Notably, these violations included cutting openings in a party wall without a permit (Phila. Code §A-301.1.1(3)), using prohibited materials to install plumbing without a permit in the first-floor pizza restaurant (Phila. Code §A-301.1.4), and multiple violations for unpermitted electrical work including two meter sockets jumped with metal bars and incorrect wiring of a fire alarm (Phila. Code §A-104.1).  An NOV for the 11 Code violations was issued to Plaintiff under Department case number 665422.  *Id.* at Exh. E.  Plaintiff never appealed this violation and failed to timely correct the violation.

---

[2] Under the Code, permits must be obtained from the City to lawfully undertake a broad range of construction projects including structural alterations, electrical work, and plumbing repairs or installation. Phila. Code §A-301.1 *et. seq.*  The permit requirements set forth in the Code, and by municipalities throughout the United States, are not mere exercises in bureaucracy.  The permit requirement confirms that construction work is completed in compliance with the Code and therefore poses no threat to public safety.  To obtain a permit, one must submit detailed applications to show that the proposed work meets the requirements of the Code and any appliable technical codes. *See e.g.* Phila. Code §A-301.5 *et. seq.*  As work progresses under the permits, the Department conducts multiple inspections to ensure completed work is safe and code compliant at each critical point in the project.  *See e.g.* Phila. Code §A-402 *et. seq.*

Despite these numerous Code violations, the unpermitted electrical work continued

unabated at the Tunskai Property.  On December 12, 2018, the Department once again inspected

the Tunskai Property and found 11 additional new Code violations for significant electrical

installations without the required permits or inspections.  This included the installation of an 800

amp electrical service without permits (Phila. Code §A-301.1.3), insufficiently sized electrical

grounding equipment installed without permits (Phila. Code §E-1201.1.1), and failure of the

electrical work to meet the minimum requirements of the Code. (Phila. Code §E-1201.1.1).  An

NOV for the 11 Code violations was issued to Plaintiff under Department case number 667733.

*Id.* at Exh. G.  Plaintiff never appealed this violation and failed to timely correct the violation.

In all, from December 2017 to December 2018, the Department cited 24 Code violations

at the Tunskai Property.  Over one year, what started as a simple licensing violation had

metastasized to the wholesale installation of an electrical system without the required permits.

Plaintiff never administratively appealed any of the 24 violations.  Plaintiff never obtained any of

the permits to complete any of the work at the property during this period.  Even to date, Plaintiff

has not disputed the existence or validity of any of the violations described above.  However, as

unpermitted electrical work continued unabated at the Tunskai Property, it remained occupied.

### C.  THE CITY'S CIVIL ENFORCEMENT ACTION IN STATE COURT

On August 14, 2019, as a result of Plaintiff's continued refusal to correct the 24 Code

violations at the Tunskai Property, the City filed a civil enforcement action in the Philadelphia

Court of Common Pleas ("*Tunskai I*").  *See Tunskai I* Compl. (Exhibit A); *see* Docket, *City of

Philadelphia v. Tunskai Properties*, No. 190801541 (Com. Pl. Phila.) ("*Tunskai I* Docket*"*)

attached as **Exhibit 2.**  In *Tunskai I,* the City sought an order for Plaintiff to correct the Code

violations at the property and pay statutory fines and fees as prescribed by the Code. *Id*.  Plaintiff

was served with the complaint on September 11, 2019 and the court set a hearing date of October 8, 2019. *See Tunskai I* docket (Exhibit 2).  Plaintiff failed to file any responsive pleading to the City's complaint. *Id.*  Plaintiff likewise failed to appear at the October 8, 2019 hearing. Am. Compl. ¶ 36.

At the October 8, 2019 hearing, the City presented testimonial and documentary evidence of the 24 code violations at the Tunskai Property. *Id.* at 7 (Trial/Hearing Exhibits Filed).  The City also presented evidence that, pursuant to Phila. Code §§A-601.1 and 1-109(1), each of the 24 Code violations is subject a $300 statutory fine. *See Tunskai I* October 8, 2019 Final Order to Vacate Subject Premises & Comply Violations ("*Tunskai I* Final Order"), Findings Section ¶ 7, attached as **Exhibit 3.**  Based on the total number of days each violation remained uncorrected, the total statutory fine on the day of the hearing was $2,045,100.[3]  *Id.* at Order Section ¶ 7.  At the conclusion of the hearing, the court issued an order that the Tunskai Property be vacated by November 15, 2019, that Plaintiff take the necessary actions to correct the violations, and that Plaintiff remit the full statutory fine of $2,045,100 amount in 30 days.  *Id.* at Order Section ¶¶ 2, 4, 5, 7.  Failure to remit the fine within 30 days would result in the fine being entered as a judgment for the City against Plaintiff. *Id.*  Plaintiff failed to file any post-trial motions contesting the *Tunskai I* Final Order.[4]  *See Tunskai I* Docket (Exhibit 2).

---

[3] On October 8, 2019, the date of the hearing, the violation cited in NOV 616266 had remained uncorrected for 594 days; the violation cited in NOV 641574 had remained uncorrected for 415 days; the 11 violations in NOV 665422 had remained uncorrected for 262 days; and, the 11 violations in NOV 666733 had remained uncorrected for 266 days.

[4] Contrary to Plaintiff's averment (Am. Compl. ¶ 118), the City of Philadelphia took action to execute the order to cease operations and secure the Tunskai Property. The City secured the services of a locksmith, contractors, and law enforcement and scheduled those entities to secure the Tunskai Property on the 15th.  However, the Tunskai property was vacated and secured by Plaintiff prior to that date. This information was provided to the Department by a representative of Plaintiff, Mr. Saar Paz.

### D.  THE JUDGMENT AND ONGOING EFFORTS TO ENFORCE IT

Plaintiff failed to remit the statutory fine imposed by the *Tunskai I* Final Order.  On November 8, 2019, the City filed praecipe to enter judgment on the court's order for the statutory fine, and the Court of Common Pleas entered that judgment against Plaintiff on November 12, 2019.  *Id.* at 8 (Judgment – Court Order) (Exhibit 2).  Plaintiff did not file an appeal of the judgment. *Id.*  Finally, on February 21, 2020, Plaintiff filed its first pleading in *Tunskai I*, a Petition to Open Judgment.  *Id.* at 8.  That petition was denied on July 1, 2020.  *Id.* at 10 (Order Entered/236 Notice Given).  After the denial of Plaintiff's petition to open judgment, the City resumed efforts to enforce the judgment, including continuing discovery in aid of execution and filing writs of attachment in *Tunskai I.  See eg, Id.* at 12-13 (July 22, 2020, Praecipe to Issue Writ of Attachment), *Id.* at 14 (August 7, 2020, Praecipe to Issue Writ of Attachment); *Id.* at 18 (August 21, 2020, Judgment Entered by Admission).

On July 28, 2020, Plaintiff filed a Notice of Appeal in *Tunskai I* for the denial of the petition to open judgment.  *Tunskai I* Docket at 13 (Appeal to Commonwealth Court) (Exhibit 2); *Tunskai I* Notice of Appeal, attached as **Exhibit 4**.  Pennsylvania's Commonwealth Court docketed this appeal on September 23, 2020 ("*Tunskai II*").  Docket*, City of Phila. v. Tunskai Prop. LLC,* No. 749 C.D. 2020 (Pa. Commw. Ct.)*,* ("*Tunskai II* Docket"), attached as **Exhibit 5**; Notice of Docketing Appeal, *City of Phila. v. Tunskai Prop. LLC,* No. 749 C.D. 2020 (Pa. Commw. Ct.)*,* ("*Tunskai II* Docketing Notice"), attached as **Exhibit 6.**

To date, *Tunskai I* remains an open and ongoing state court proceeding with continuing discovery in aid of execution and motions practice. *See Tunskai I* Docket at 16-24 (Exhibit 2). Even after initially filing this instant matter on August 17, 2020, Plaintiff continues to actively seek relief in state court.  On August 31, 2020, Plaintiff affirmatively availed itself to the

pending nature *Tunskai I* by filing a Motion to Stay Proceedings pursuant to Pennsylvania Rule

of Civil Procedure 3121.   *Id.*   In that filing, Plaintiff affirmatively seeks a stay of the *Tunskai I*

proceedings pending the outcome of *Tunskai II* and the instant matter. *Id.*   Plaintiff is also

actively pursuing its *Tunskai II* appeal, filing its required Docketing Statement on October 5,

2020.   *See Tunskai II* Docket at 2 (Exhibit 5).   Settlement negotiations between the City and

Plaintiff continue while this dispute occupies the dockets of two United States District Courts

and two Pennsylvania state courts.[5]

## III.  ALL COUNTS OF THE AMENDED CLASS ACTION COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

### A.  STANDARD OF REVIEW

Under Rule 12(b)(1), a court must grant a motion to dismiss if it lacks subject-matter

jurisdiction to hear a claim. *In re Schering Plough Corp. Intron/Temodar Consumer Class

Action*, 678 F.3d 235, 243 (3d Cir. 2012).   It is "presume[d] that federal courts lack jurisdiction

unless the contrary appears affirmatively from the record." *Renne v. Geary*, 501 U.S. 312, 316

(1991).   "A Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction may present

either a facial or a factual attack" on the pleadings. *Singleton v. Jas Auto. LLC*, 378 F. Supp. 3d

334, 342 (E.D. Pa. 2019) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016)). "A

facial attack concerns an alleged pleading deficiency whereas a factual attack concerns the actual

failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *Id.* (citing

*CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008)) (quotations omitted).

---

[5] The City has also filed a fraudulent transfer action against Plaintiff in the United States District Court for the Middle District of Florida related to the *Tunskai I* judgment. *City of Philadelphia v. Dos Lagos Holdings, LLC and Tunskai Properties, LLC*, 2:20-cv-00473-JLB-NPM (M.D. Fla.).

The *Younger* abstention doctrine and *Rooker-Feldman* doctrine are both factual attacks on the pleadings under Rule 12(b)(1).[6]  *See, e.g., Singleton v. Jas Auto. LLC*, 378 F. Supp. 3d 334, 343 (E.D. Pa. 2019); *Nellom v. Del. Cnty. Domestic Relations Section*, 145 F. Supp. 3d 470, 477 (E.D. Pa. 2015); *Nev. First Fed., LLC v. Macciocca*, No. CIV.A. 15-1304, 2015 WL 4461828, at *2 (E.D. Pa. July 21, 2015); *McCurdy v. Esmonde*, No. CIV.A.02-4614, 2003 WL 223412, at *4 (E.D. Pa. Jan. 30, 2003).  In a factual attack under Rule 12(b)(1), "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Mortensen v. First Fed. Sav. & Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977).  In a factual attack analysis, the court may consider evidence outside of the pleadings.  *Id.*  Faced with a factual attack under Rule 12(b)(1), the plaintiff has "the burden of proof that jurisdiction does in fact exist." *Id.*

As this motion presents challenges under both Rule 12(b)(1) and Rule 12(b)(6), this court should first consider the challenges to jurisdiction pursuant to Rule 12 (b)(1).  *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993) ("When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot.").

---

[6] One recent decision in this District considered *Younger* abstention and *Rooker-Feldman* challenges that were lodged prior to the filing of an answer as a facial attack on the pleadings.  *Silverberg v. City of Philadelphia*, No. CV 19-2691, 2020 WL 108619, at *3 (E.D. Pa. Jan. 8, 2020) ("The City Defendants filed the attack before it filed any answer to the Complaint or otherwise presented competing facts. Their motion is therefore, by definition, a facial attack." (internal citations and quotations omitted)).  If this motion is instead considered a facial attack, then Plaintiff's Amended Class Action Complaint will survive "only if it contains 'enough [factual] heft' establishing the plaintiff's claims rather than plaintiff's conjecture, or self-serving interpretations of actual events, or mere 'labels and conclusions, and a formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Animal Science Prods., Inc. v. China Nat. Metals & Minerals Import & Export Corp.*, 596 F. Supp. 2d 842, 851 (D.N.J. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007)).  In deciding a facial attack, this court construes the alleged facts in the light most favorable to the plaintiff." *In re Schering Plough Corp.*, 678 F.3d at 243.  This court may also consider matters of public record such as state court records.  *Silverberg* 2020 WL 108619, at *4 (citing *John G. v. Northeastern Educ. Intermediate Unit 19*, 490 F. Supp. 2d 565, 575 (M.D. Pa. 2007)).

**B. THE YOUNGER ABSTENTION DOCTRINE REQUIRES DISMISSAL OF ALL COUNTS OF PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT WITH PREJUDICE PURSUANT TO RULE 12(B)(1)**

This court should abstain from and dismiss this matter with prejudice in accordance with the *Younger* abstention doctrine. *Younger* abstention requires a federal district court to refrain from exercising jurisdiction when pending state proceedings provide an adequate forum for all relevant issues presented in the federal case. *See Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* doctrine is based on comity and federalism, which require "proper respect for state functions." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n.*, 457 U.S. 423, 431 (1982). *Younger* abstention prevents "litigants . . . [from] tak[ing] multiple bites from the same apple" by pursuing a claim in more than one forum. *Bryant v. Sylvester*, 57 F.3d 308, 312 (3d Cir. 1995), *vacated on other grounds*, 516 U.S. 1105 (1996).

In determining whether to abstain under *Younger*, this court must first determine whether the pending state court proceeding falls into one of "three exceptional categories of proceedings: (1) ongoing state criminal prosecutions; (2) certain civil enforcement proceedings; and (3) pending civil proceedings involving certain orders uniquely in furtherance of the state courts' ability to perform their judicial functions." *Malhan v. Sec'y United States Dep't of State*, 938 F.3d 453, 462 (3d Cir. 2019) (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 81 (2015) (internal quotation marks omitted). If the state court proceeding is an exceptional category, the court then considers three additional factors prescribed by the Supreme Court in *Middlesex County Ethics Comm. v. Garden State Bar Association* 457 U.S. 423 (1982). *Id.* For the purposes of *Younger* abstention, *Tunskai I* meets both the threshold requirement of an exceptional state court proceeding and each of the additional *Middlesex* factors.

16

1. *Tunskai I* meets the threshold requirement as an exceptional civil enforcement proceeding for purposes of *Younger* abstention.

*Tunskai I* is as an "exceptional civil enforcement proceeding" for purposes of a *Younger* analysis.  Exceptional civil enforcement actions are "characteristically initiated to sanction the federal plaintiff, i.e., the party challenging the state action, for some wrongful act." *Sprint Commc'ns, Inc.* 571 U.S. at 72-3.  In qualifying civil enforcement actions, a "state actor is routinely a party to the state proceeding and often initiates the action." *Id.*  "Investigations are commonly involved, often culminating in the filing of a formal complaint or charges." *Id.*  A civil enforcement action filed by a municipality for violations of nuisance laws and property maintenance code violations clearly possess the characteristics of the qualifying civil actions laid out in *Sprint*.  *See Herrera v. City of Palmdale,* 918 F.3d 1037, 1045 (9th Cir. 2019) (finding a nuisance enforcement action brought in state court by municipality seeking injunctive relief and civil penalties for violations of municipal building and property maintenance codes was a civil enforcement proceeding for purposes of *Younger* abstention).

Here, the City of Philadelphia conducted an investigation by inspecting the Tunskai Property on multiple occasions resulting in the issuance of four NOVs for violations of the Philadelphia Code. *See* Phila. Code §A-401.2 ("The code official shall have the authority to enter at any reasonable time any structure or premises to **inspect, conduct investigations**, or survey…" (emphasis added)); *Tunskai I* Compl. Exh. A, C, E, & G *(*Exhibit 1).  Like the municipality in *Herrera*, the City of Philadelphia filed a formal complaint in state court seeking imposition of civil penalties and injunctive relief once Tunskai failed to administratively appeal or otherwise remediate the Code violations.  As *Tunskai I* clearly meets the definition of an "exceptional civil enforcement proceeding," the *Younger* analysis now turns to the additional *Middlesex* factors.  *Malhan* 938 F.3d at 462.

2.   *Tunskai I* satisfies all three *Middlesex* conditions

To avoid interference with *Tunskai I*, a pending state court proceeding, this court should abstain and dismiss the instant action with prejudice. Once a state court proceeding is identified as an exceptional category as set out above, *Younger* abstention is appropriate where the following three conditions are satisfied: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims.  *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  Here, all three *Middlesex* factors are satisfied.

First, *Tunskai I* is an ongoing judicial state proceeding, as discovery, motion practice, and execution proceedings continue to date.[7] *See Tunskai I* Docket (Exhibit 2).  The City of Philadelphia continues to attempt to enforce the judgment by serving discovery in aid of execution requests on Plaintiff and other relevant parties along with continuing execution proceedings. *Id*.  Plaintiff has filed a Petition to Stay and Set Aside these Execution Proceedings pursuant to Pennsylvania Rule of Civil Procedure 3121.  *Id.* at 21 (Motion to Stay Proceedings). Plaintiff also appealed *Tunskai I* to Pennsylvania's Commonwealth Court.  *See Tunskai I* Notice of Appeal (Exhibit 4).   *Tunskai II* was docketed by the Commonwealth Court on September 23, 2020. *Tunskai II* Docketing Notice (Exhibit 6).  Plaintiff is actively litigating *Tunskai II*.  *See*

---

[7] Plaintiff failed to file any appeal in *Tunskai I* prior to its appeal of the Common Pleas court's denial of a petition to open judgment. *See Tunskai I* Docket (Exhibit 2).  However, Plaintiff's failure to timely appeal the *Tunskai I* Final Order or subsequent judgment does not change the analysis that *Tunskai I* is ongoing.  In the Third Circuit, "state proceedings remain 'pending,' within the meaning of Younger abstention ... where the claimants have chosen not to pursue their state-court judicial remedies, but have instead sought to invalidate the State's judgment by filing a federal action."  *L.P. Grp. 2, Inc. v. City of Philadelphia*, No. CIV.A. 13-7484, 2015 WL 3822203, at *7 (E.D. Pa. June 19, 2015) (citing *O'Neill v. City of Philadelphia*, 32 F.3d 785, 790–91 (3d Cir.1994).  In *L.P. Group. 2*, the plaintiff's state court appeal was dismissed by the appeals court for failure to timely file a brief. *Id.*  Like the *L.P. Group 2* plaintiff, Tunskai failed to timely pursue an appeal of the *Tunskai I* judgment.  Therefore, *Tunskai I* remains ongoing for purposes of the *Younger* analysis.

*Tunskai II* Docket at 1 (October 5, 2020 - Plaintiff's Docketing Statement Filed) (Exhibit 5).

Plaintiff's affirmative pursuit of its *Tunskai II* appeal further establishes the applicability of

*Younger* abstention to this instant matter.  *New Orleans Pub. Serv., Inc. v. Council of City of New*

*Orleans*, 491 U.S. 350, 369 (1989) ("For *Younger* purposes, the State's trial-and-appeals process

is treated as a unitary system, and for a federal court to disrupt its integrity by intervening in

midprocess would demonstrate a lack of respect for the State as sovereign.").  *Tunskai I* is clearly

an ongoing judicial state proceeding and therefore meets the first condition of the *Middlesex*

test.[8]

    *Tunskai I* satisfies the second *Middlesex* factor as a pending state court action implicating

the important state interests of public safety and the elimination of nuisances in the City of

Philadelphia.  The City of Philadelphia holds a significant interest in protecting its citizens,

employees, and first responders from unpermitted construction and electrical work, dangerous

conditions, and nuisance properties.  *See eg. Herrera* 918 F.3d at 1045 (finding a municipality

had a significant state interest in eliminating public nuisances and enforcing local and state codes

to protect the public from dangerous conditions.); *Carroll v. City of Mount Clemens*, 139 F.3d

1072, 1075 (6th Cir.1998) (finding important state interests "in enforcing ... state and local

housing codes[.]"); *Chez Sez III Corp. v. Township of Union*, 945 F.2d 628, 633 (3d Cir.1991)

(land use issues implicate important state interests), *cert. denied*, 503 U.S. 907 (1992).  The

number and nature of Philadelphia Code violations at the Tunskai Property – particularly the

unpermitted electrical wiring and improperly wired fire alarm in the occupied property – are a

clear and significant danger to public safety.  *Tunskai I* was filed to directly advance the City's

---

[8] Whether Plaintiff has failed to previously raise any or all of his instant claims during *Tunskai I* does not alter the fact that *Tunskai I* is an ongoing state proceeding. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987) (stating that *Younger* abstention is favored even after the plaintiffs failed to raise their federal claims in the ongoing state proceedings).

vital interest of mitigating this danger by enforcing the Philadelphia Code and ensuring the Code violations at the Tunskai Property were corrected.[9] *Tunskai I* meets the second *Middlesex* factor.

*Tunskai I* satisfies the third *Middlesex* factor by continuing to afford Plaintiff adequate opportunity to raise the claims now asserted in its federal Amended Class Action Complaint.  An adequate opportunity for purposes of *Younger* means "[a party] need be accorded only an opportunity to fairly pursue their constitutional claims in the ongoing state proceedings, and their failure to avail themselves of such opportunities does not mean that the state procedures were inadequate." *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (citation omitted).  From the outset, Plaintiff failed to avail itself to the multiple opportunities available to challenge the Code violations and statutory fines. Prior to *Tunskai I,* Plaintiff failed to administratively appeal the multiple notices of violation.  During *Tunskai I*, Plaintiff had the opportunity to raise all its instant claims in a responsive pleading.  However, Plaintiff declined to file any responsive pleading.  *See Tunskai I* Docket (Exhibit 2).  Failure to file a responsive pleading alone satisfies the "adequate opportunity" factor.  *See Middlesex*, 457 U.S. at 435 (holding that the plaintiff had an adequate opportunity to raise his federal Constitutional claims in a state court attorney disciplinary proceeding when the plaintiff failed to respond to the complaint filed against him by the local Ethics Committee).  Plaintiff also had the opportunity to raise these claims at the October 8, 2019 court hearing.  However, Plaintiff failed to appear at the hearing.  Am. Compl. ¶36.  Plaintiff again had the opportunity to raise its claims during *Tunskai I* by filing a post-trial

---

[9] To the extent Plaintiff's purported class challenges the entire process of Philadelphia's Code Enforcement program, a vital state interest is also present.  In a Constitutional challenge to the regulatory system for the enforcement of the City of Philadelphia's parking ticket procedures, the Third Circuit Court of Appeals found that the "City of Philadelphia has a vital and critical interest in the functioning of a regulatory system … which is intimately associated with the physical and financial workings of the city in general, and of the municipal government in particular." *O'Neill v. City of Philadelphia*, 32 F.3d 785, 792 (3d Cir. 1994). In abstaining under *Younger*, that Court noted "it would well nigh be impossible to overstate the point that the federal courts have no interest whatsoever… in the City of Philadelphia's on-street parking regulations." *Id.*

motion challenging the *Tunskai I* Final Order.  However, Plaintiff failed to file post-trial

motions. *See Tunskai I* Docket (Exhibit 2).  Plaintiff still again had the opportunity to raise his

claims in an appeal of the judgment. However, Plaintiff failed to appeal the judgment. *Id.*

Plaintiff's specious attack on the competence and partiality of the *Tunskai I* presiding

judge are unavailing on the *Younger* analysis. Am. Compl. ¶¶ 131-154.  Where parties have an

opportunity to disqualify a presiding judge, allegations of bias or incompetence against a state

court judge are not "extraordinary circumstances" allowing relaxation of the *Younger* doctrine.

*Kugler v. Helfant*, 421 U.S. 117, 127 (1975) (finding *Younger* abstention appropriate in a 42

U.S.C. § 1983 claim alleging judicial bias and incompetence in a concurrent state court matter

because the "right to a fair trial would be protected by the New Jersey rule that permits a

defendant to disqualify a particular judge from participating in his case.").  Pennsylvania

substantive law provides the right to disqualify a presiding judge.  "It is the duty of the party,

who asserts that a judge should be disqualified, to allege by petition the bias, prejudice or

unfairness necessitating recusal."  *Reilly by Reilly v. Se. Pennsylvania Transp. Auth.*, 489 A.2d

1291, 1299 (Pa. 1985).  "A party seeking recusal or disqualification [is required] to raise the

objection at the earliest possible moment, or that party will suffer the consequence of being time

barred."  *In re Lokuta*, 11 A.3d 427, 437 (Pa. 2011) (citation omitted).  If a party fails to timely

raise the objection, it "cannot be heard to complain following an unfavorable result."

*Commonwealth v. Stanton*, 440 A.2d 585, 588 n. 6 (Pa. 1982).  Like *Kugler*, Plaintiff here had

both the potential knowledge and opportunity to attempt to disqualify the presiding judge during

*Tunskai I*.[10] 421 U.S. at 127.  Yet, Plaintiff failed to file any challenge to the presiding judge.

---

[10] Plaintiff supports its illusory allegations of judicial incompetence during *Tunskai I* in part by citing a news article published by "Philly Voice" on June 2, 2018 – a date over one year before the City's *Tunskai I* complaint was filed. (Am. Compl. ¶¶135-137, 139).

After losing in state court and failing to challenge the propriety of the *Tunskai I* presiding judge, Plaintiff may not now raise the specter of judicial incompetence through innuendo and bypass *Younger* abstention. *Stanton* 440 A.2d at 588.

Despite already eschewing multiple opportunities to raise its instant claims during *Tunskai I*, Plaintiff still has an opportunity to raise these claims in that state court proceeding. In fact, Plaintiff has availed itself of this opportunity.  Pennsylvania Rule of Civil Procedure 3121 provides that "[e]xecution may be stayed by the court as to all or any part of the property of the defendant upon its own motion or application of any party in interest showing (1) a defect in the writ, levy or service; or (2) **any other legal or equitable ground therefor**." Pa.R.C.P 3121 (emphasis added).  This very broad language – "any other legal or equitable ground" – permits Plaintiff to raise the claims that he has asserted in the instant federal case in a Motion to Stay pursuant to Rule 3121 in the state court proceedings. Plaintiff has, in fact, filed a motion pursuant to Rule 3121. *See Tunskai I* Docket at 21 (Motion to Stay Proceedings) (Exhibit 2).  As such, *Tunskai I* continues to afford Plaintiff adequate opportunity to litigate his claims and satisfies the third *Middlesex* factor.

3. <u>Plaintiff's Amended Class Action Complaint should be dismissed with prejudice.</u>

This matter meets all requirements of the *Younger* abstention doctrine. *Tunskai I* is categorized as an exceptional state civil enforcement proceeding. *Tunskai I* is an ongoing state proceeding implicating important state interests and continues to provide Plaintiff myriad opportunities to raise the claims raised by its instant Amended Class Action Complaint.  As a result, the Amended Class Action Complaint should be dismissed with prejudice pursuant to Rule 12(b)(1).  *Lui v. Comm'n.*, 369 F.3d 319, 327 (3d Cir. 2004) (stating that *Younger* abstention requires federal suit to be dismissed with prejudice).

## C.  THE ROOKER-FELDMAN DOCTRINE REQUIRES DISMISSAL OF ALL COUNTS OF PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT WITH PREJUDICE PURSUANT TO RULE 12(B)(1)

Plaintiff's Amended Class Action Complaint is a collateral attack on a state court judgment.[11]  In essence, Plaintiff seeks review and reversal of the unfavorable state court judgment against it, a review prohibited by the *Rooker-Feldman* doctrine.  The *Rooker-Feldman* doctrine holds that Federal district courts lack subject-matter jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, (2005).  "[A] federal plaintiff cannot escape the *Rooker–Feldman* bar simply by relying on a legal theory not raised in state court." *Mikhail v. Kahn*, 991 F. Supp. 2d 596 (E.D. Pa.), aff'd, 572 F. App'x 68 (3d Cir. 2014) (quoting *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir.2005)).

A claim is barred under *Rooker-Feldman* if: (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments.  *See Cassell v. Cty. of Montgomery, Pennsylvania*, No. CV 17-1077, 2017 WL 2672653, at *5 (E.D. Pa. June 20, 2017) (citing *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (dismissing a complaint which sought an order declaring state judgments unconstitutional and enjoining their enforcement).  While all four requirements must be met, the Third Circuit has emphasized that the "second and fourth requirements are the key to determining whether a federal suit presents an independent

---

[11] To the extent Plaintiff's Amended Class Action Complaint seeks review of all state court judgments in its proposed class, it represents a collateral attack on every individual state court judgment in the class.

non-barred claim." *Great W. Mining & Mineral Co.* 615 at 166 (citing *Exxon Mobil*, 544 U.S. at

284).  Plaintiff's case satisfies all four requirements for dismissal under *Rooker-Feldman*.

    1.  <u>Plaintiff lost in state court and the judgment was entered before this federal action</u>
        <u>was commenced.</u>

      Plaintiff's claims clearly meet the first and third requirements for dismissal under

*Rooker-Feldman.* Plaintiff is the state court loser in *Tunskai I*.  Plaintiff failed to contest the

City's claims in state court, a Final Order was entered against him, and judgment for the

statutory fines was entered by the Court of Common Pleas on November 12, 2019.  *See Tunskai I*

Docket at 7-8 (Exhibit 2).  The *Tunskai I* state court judgment was entered before Plaintiff filed

the instant federal action. This fact satisfies the third requirement for dismissal under *Rooker-*

*Feldman*. Therefore, the analysis turns to the second and fourth requirements to determine

whether dismissal under *Rooker-Feldman* is appropriate.

    2.  <u>Plaintiff alleges injuries that are caused by the state court judgment.</u>

      Plaintiff meets the second requirement by complaining of a purported injury directly

caused by the execution of a state court judgment in the Philadelphia Court of Common Pleas.

As a preliminary matter, for the purposes of *Rooker-Feldman*, a judgment exists when "the state

action has reached a point where neither party seeks further action" such as "when a lower state

court issues a judgment and the losing party allows the time for appeal to expire." *Malhan* 938

F.3d at 459 (citing *Federacion de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo*

*de Puerto Rico*, 410 F.3d 17 at 24 (1st Cir. 2005) (internal quotation marks omitted).  The

judgment in *Tunskai I* was entered against Plaintiff on November 12, 2019.  Plaintiff failed to

file a notice of appeal within 30 days as prescribed by Pennsylvania Rule of Civil Procedure 903.

*See Tunskai I* Docket at 7-8 (Exhibit 2).  Because Plaintiff "allowed the time for appeal to

expire," the *Tunskai I* judgment meets the requirements of *Rooker-Feldman*. *Malhan* 938 F.3d at

459 (citations omitted).

Having established that the *Tunskai I* judgment is a judgment for purposes of *Rooker-*

*Feldman*, the timeline of events in *Tunskai I* confirm that Plaintiff's alleged injuries are caused

by the state court judgment.  Determining whether an alleged injury is, in fact, caused by a state

court judgment "becomes more complicated when a federal plaintiff complains of an injury that

is in some fashion related to a state-court proceeding."  *Great W. Mining & Mineral Co.* 615

F.3d 159 at 167.  In these instances, courts examine the timing of the injury and "whether the

injury complained of in federal court existed prior to the state-court proceedings and thus could

not have been "caused by" those proceedings." *Id.* (citations omitted).  *See also Reisinger v.*

*Luzerne Cty.*, 712 F. Supp. 2d 332, 348 (M.D. Pa. 2010) ("This requirement can be seen as a

question whether absent the state court's judgment, the plaintiff would not have the injury he

now seeks to redress.") aff'd sub nom. *Reisinger v. Cty. of Luzerne*, 439 F. App'x 190 (3d Cir.

2011).  In this matter, Plaintiff complains of alleged injury caused by fines imposed pursuant to

the Philadelphia Code.  These fines were imposed by the state court at conclusion of *Tunskai I*.

Plaintiff did not owe any statutory fines prior to *Tunskai I*.[12]  But for the *Tunskai I* state court

---

[12] Plaintiff's claim that the statutory fine was imposed on it prior to *Tunskai I* is erroneous. *See eg.* Am. Compl. ¶92 ("In effect, unless an appeal [of the code violation] is filed, the owner is on the hook for the fine, no matter what."). *Tunskai I* was filed pursuant to Phila. Code. §A-503.1. *Tunskai I* Compl. ¶7 (Exhibit 1). Phila. Code. §A-503.1 states:

> After the expiration of the time for compliance as stated on the notice of violation, a reinspection or reinvestigation shall be made by the code official to determine compliance. If the violation has not been corrected and no appeal is pending, the code official shall **institute the appropriate legal proceedings to apply penalties as provided for in this code** or for the purpose of ordering the responsible person… (emphasis added).

The NOVs issued to Plaintiff mirror this code language. *See* Am. Compl. Exh. "A" at 4, 6, 9, 10, 13, 15, 23 ("You're failure to correct the violations may also result in the City **filing a legal action against you to obtain compliance, an injunction, and the imposition of fees and fines.**" (emphasis added)).  No statutory fine was imposed upon Plaintiff by the NOVs. The statutory fines were imposed by the state court at the conclusion of *Tunskai I*.

judgment imposing the statutory fines, Plaintiff would have no injury upon which to base this federal claim. *See Silverberg v. City of Phila.,* No. CV 19-2691, 2020 WL 108619, at *5 (E.D. Pa. Jan. 8, 2020) (Holding *Rooker-Feldman* applied to Plaintiff's challenge of state court judgments because "[i]f the default judgment was never entered against him, or if he was successful on the State Court Motion to Enjoin Enforcement, there would be no injury for which to seek redress in this forum."). As such, Plaintiff's alleged injuries are caused by a state court judgment and the second requirement for *Rooker-Feldman* is met.

      3.   <u>Plaintiff asks this court to review and reject a state court judgment.</u>

      Plaintiff explicitly requests that this court review and reject state court judgments. Plaintiff seeks "a writ issuing preliminary injunctive relief staying all execution proceedings against Class Members pending resolution of this matter;" "a writ issuing permanent injunctive relief setting aside all execution proceedings against Class Members;" and "a writ issuing permanent injunctive relief opening all judgments entered against Class Members." Am. Compl. Prayer for Relief ¶¶ 2, 5, 6. This requested relief requires that this court, in effect, void *Tunskai I* along with an additional unidentified number of state court judgments. The nature of this relief therefore satisfies the fourth requirement of *Rooker-Feldman*. *Cassell v. Cty. of Montgomery, Pennsylvania*, No. CV 17-1077, 2017 WL 2672653, at *6 (E.D. Pa. June 20, 2017) (holding *Rooker-Feldman* barred Plaintiff's claims that expressly sought a permanent injunction to cease enforcement of state judgments against Plaintiff). To the extent Plaintiff's relief would be applied to the purported class, it would also require this court reverse Pennsylvania's state appeals courts that have affirmed the lower court's judgments against similar challenges as Plaintiff brings here. *See eg. City of Philadelphia v. DY Properties, LLC*, 223 A.3d 717, 723 n12 (Pa. Commw. Ct. 2019), appeal denied, No. 20 EAL 2020, 2020 WL 3467228 (Pa. June 25,

2020) ("Even if DY had not waived the excessive fines argument, this Court would find that the fines were constitutional."). That Plaintiff explicitly requests that this court review and reject a state court judgment and meets the fourth and final requirement for *Rooker-Feldman*. *Cassell* 2017 WL 2672653, at *6.

Plaintiff lost in state court and now asks this court to review and reject that state court decision, an action which is barred by the *Rooker-Feldman* doctrine. As such, the Amended Class Action Complaint should be dismissed under Rule 12(b)(1) with prejudice.

## IV. ALL COUNTS OF THE AMENDED CLASS ACTION COMPLAINT SHOULD BE DISMISSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

### A. STANDARD OF REVIEW

The applicable standard for a Rule 12(b)(6) motion is well-settled. Under this Rule, the Court must dismiss an action on motion made before a responsive pleading is filed, when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The allegations in the complaint are accepted as true; however, "[this court is] not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)).

### B. RES JUDICATA BARS ALL OF PLAINTIFF'S CLAIMS AND ALL COUNTS OF PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 12(B)(6)

Plaintiff's claims are precluded under the doctrine of *res judicata*. *Res judicata*, or claim preclusion, prohibits parties from relitigating issues that were or could have been raised in

another action that reached final judgment on merits.[13]  *San Remo Hotel v. City & Cnty. of S.F.*, 545 U.S. 323 (2005).  To determine the preclusive effect of a state court judgment, that state's claim preclusion law is applied.  28 U.S.C. § 1738; *R & J Holding Co. v. Redevelopment Auth. of Cty. of Montgomery*, 670 F.3d 420, 426 (3d Cir. 2011) (citing *Kremer v. Chem. Const. Corp.*, 456 U.S. 461, 466 (1982) ("Section 1738 requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged.")).  "Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action."[14]  *Balent v. City of Wilkes-Barre*, 669 A.2d 309, 313 (Pa. 1995) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  "For the doctrine of *res judicata* to prevail, Pennsylvania courts require that the two cases share the following four conditions: (1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued."  *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006) (citing *Bearoff v. Bearoff Bros., Inc.*, 327 A.2d 72, 74 (Pa. 1974).  Here, Plaintiff's instant case and *Tunskai I* share all four conditions for *res judicata* to apply.

Both *Tunskai I* and Plaintiff's instant suit seek the same thing – imposition or relief from statutory fines under the Philadelphia Code.  In *Tunskai I*, the City of Philadelphia filed suit pursuant to the Philadelphia Code seeking, *inter alia*, "[Tunskai] pay a daily fine of $300 for each of the 24 cited violations of the Philadelphia Code for each and every day that those violations remain uncorrected." *Tunskai I* Compl. ¶48 (Exhibit 1).  Now, Plaintiff seeks relief

---

[13] Whether *res judicata* defeats Plaintiff's suit is an inquiry distinct from the *Rooker-Feldman* inquiry above.  *Great W. Mining & Mineral Co.* 615 F.3d at 170.

[14] The November 12, 2019 judgment in *Tunskai I* is a final judgment for purposes of this *res judicata* analysis.  *Shaffer v. Smith*, 673 A.2d 872, 874 (Pa. 1996) ("A judgment is deemed final for purposes of *res judicata* or collateral estoppel unless or until it is reversed on appeal.").

from those same statutory fines imposed pursuant to the Philadelphia Code by the state court in *Tunskai I*. The "thing sued upon or for" – statutory fines imposed against Plaintiff – is the same in *Tunskai I* and the instant case, satisfying the first condition for *res judicata. Turner* 449 F.3d at 548.

*Tunskai I* and Plaintiff's case concern the same cause of action. Identifying the cause of action in a *res judicata* analysis requires examining "the essential similarity of the underlying events giving rise to the various legal claims." *Turner* 449 F.3d at 549 (quoting *McArdle v. Tronetti*, 627 A.2d 1219, 1222 (Pa. Super. Ct. 1993). Where the same underlying events give rise to both complaints, the same cause of action exists and *res judicata* applies. *Churchill v. Star Enterprises*, 183 F.3d 184, 194 (3d Cir. 1999); *see also DeRaffele v. City of Williamsport*, No. 1559 C.D. 2018, 2019 WL 3779708, at *4 (Pa. Commw. Ct. Aug. 12, 2019) (finding *res judicata* applied where Plaintiff's state court claim of malicious prosecution for a Property Maintenance Code citation concerned the same cause of action as his federal Constitutional claims based on the issuance of that same citation.). Like *DeRaffele*, the underlying events at the core of Plaintiff's federal Amended Class Action Complaint are the issuance of citations for Philadelphia Code violations and subsequent judicial enforcement of those citations. Am. Compl. ¶¶ 34-37, 116-117; Am. Compl. Exh. "A." These same events are the underlying events of *Tunskai I*. *See Tunskai I* Compl. ¶¶ 8-38 (Exhibit 1). Both *Tunskai I* and Plaintiff's Amended Class Action Complaint concern the same cause of action.

Plaintiff alleges numerous legal theories that it failed to present in *Tunskai I*. However, Plaintiff's use of new legal theories in this matter is unavailing on the cause of action analysis. *See Turner*, 449 F.3d at 549 ("Pennsylvania courts have held that the mere advancement of a different legal theory does not necessarily give rise to a different cause of action.") (citing

*McArdle v. Tronetti*, 627 A.2d 1219, 1222 (Pa. Super. Ct. 1993)); *see also Allen v. McCurry*, 449 U.S. 90, 104 (1980) ("There is, in short, no reason to believe that Congress intended to provide a person claiming a federal right an unrestricted opportunity to relitigate an issue already decided in state court simply because the issue arose in a state proceeding in which he would rather not have been engaged at all."). *Res judicata* "applies not only to claims actually litigated, **but also to claims which could have been litigated during the first proceeding** if they were part of the same cause of action." *Id*. (quoting *Balent* 669 A.2d at 313) (emphasis added). Plaintiff could have raised all its instant claims in *Tunskai I*. Instead, Plaintiff, failed to file a responsive pleading, failed to appear at the October 8, 2019 hearing, and failed to timely appeal the judgment. *Cf. Middlesex*, 457 U.S. at 435 (holding that the plaintiff had an adequate opportunity to raise his federal constitutional claims in a state court attorney disciplinary proceeding when the plaintiff failed to respond to the complaint filed against him by the local Ethics Committee). The instant matter and *Tunskai I* share a common cause of action and satisfy the second factor for *res judicata*.

Finally, both suits involve Tunskai and the City of Philadelphia and thus satisfy the third and fourth factors for *res judicata*. Having met all four conditions for *res judicata* under Pennsylvania jurisprudence, Plaintiff's Amended Class Action Complaint should be dismissed in its entirety pursuant to Rule 12(b)(6).

**V. CONCLUSION**

The City respectfully requests that the Court grant its Motion to Dismiss the Amended Class Action Complaint for Lack of Subject Matter Jurisdiction and for Failure to State a Claim. As a threshold matter, the *Rooker-Feldman* doctrine and the *Younger* abstention doctrine bar this court from deciding all counts of the Amended Class Action Complaint. In addition, Plaintiff's

claims are barred by *res judicata.* Therefore, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6),

the claims against Defendant should be dismissed with prejudice.[15]

Date:  November 6, 2020                                  Respectfully submitted,


Brendan J. Philbin Esq.
Divisional Deputy City Solicitor
Pa. Attorney ID No. 307276
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-5110
brendan.philbin@phila.gov

---

[15] Plaintiff should not be granted further leave to amend its complaint. Leave to amend need not be granted if further amendment would be futile. *E.g. Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002) (noting that amendment "must be permitted ... unless it would be inequitable or futile"). Plaintiff has amended its complaint once, merely to add speculative claims and an attack on the *Tunskai I* presiding judge. Further amendment is futile – Plaintiff cannot change the procedural history and ongoing nature of the *Tunskai I* state court proceedings. Amendment cannot change the facts that Plaintiff failed to raise any of its claims in *Tunskai I* and its claims are barred by the *Younger* abstention doctrine, *Rooker-Feldman* doctrine, and *res judicata.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TUNSKAI PROPERTIES, LLC** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **No. 20-cv-04004** |
| | : | |
| **CITY OF PHILADELPHIA, et.al.** | : | |
| **Defendants.** | : | |
| | : | |

## CERTIFICATE OF SERVICE

I, Brendan J. Philbin, attorney for the Defendant City of Philadelphia, certify that on this date, a true and correct copy of Defendant's Motion to Dismiss the Amended Class Action Complaint for Lack of Subject Matter Jurisdiction and Failure to State a Claim, Memorandum of Law in support thereof, proposed Order, and accompanying exhibits were filed via the Court's electronic filing system and available for download.

Date:  November 6, 2020                    Respectfully submitted,

_Brendan J. Philbin_

Brendan J. Philbin Esq.
Divisional Deputy City Solicitor
Pa. Attorney ID No. 307276
City of Philadelphia Law Department
1515 Arch Street, 15th Floor
Philadelphia, PA 19102
215-683-5110
brendan.philbin@phila.gov

1